## ALEXANDER DICKINSON vs. HENRY LEE.

A. went with B.'s agent to see a lot of land which B. had for sale. The agent, in reply to A.'s inquiry, said that there were between 40,000 and 50,000 square feet. A. agreed to buy the land at a certain price per foot, paid the agent a sum on account of the sale, and took a receipt therefor, which stated the terms of sale, but not the area of the land. The land turned out to contain 66,000 square feet; and on that account A. refused to accept a deed. *Held*, that he could not recover back the sum which he paid to the agent.

CONTRACT for money had and received to the plaintiff's use. At the trial in the superior court, before *Lord*, J., the plaintiff.

who was the only witness called, testified that he negotiated with David A. Buckley, an agent of the defendant, for the purchase of a parcel of land on Chauncey Street in Cambridge, belonging to the defendant; that he asked Buckley how much there was of it, and Buckley said there was between 40,000 and 50,000 square feet; that they rode around it in a carriage; that there was one fence around the land, and no interior fences or other marks of division; that he agreed to buy it at sixteen cents a foot, paid Buckley $500, and took this receipt: "Received of Alexander Dickinson the sum of five hundred dollars on account of sale of land on Chauncey Street, Cambridge, owned by Henry Lee. The price of said land is to be sixteen cents per square foot, cash on delivery of deed. Henry Lee, by D. A. Buckley;" that Buckley afterwards brought him a deed of the land, which described it as containing 66,000 square feet; that he said it was more land than he bought, and Buckley replied that he was aware of it, but the more land the better; that he said he would take the lot, if the defendant would cut off 20,000 feet, but he would not take any more than the balance; that he demanded the $500 of Buckley, and Buckley refused to pay it back; and that he never doubted that the land embraced by the deed was the same land which Buckley showed to him.

Upon this evidence, the judge ruled that the plaintiff could not recover, and directed a verdict for the defendant, which was returned, and the plaintiff alleged exceptions.

*J. Nickerson,* for the plaintiff.

*F. V. Balch & W. Minot, 3d,* for the defendant, were not called upon.

AMES, J. The case shows that what the plaintiff contracted for and undertook to buy was a lot of land which he had ample opportunity to examine, and as to the identity of which there was no dispute. No deception was practised upon him. He made such examination as he saw fit. He rode around the lot in company with the defendant's agent, came to the conclusion to buy it at the price demanded by the vendor, and paid the sum of five hundred dollars on account of the sale, for which payment the receipt was given. There is no evidence that any warranty or

assurance was given that the area was only between forty and fifty thousand square feet, and there is nothing to show that the plaintiff's offer was for any definite number of square feet. On the contrary, he contracted to buy the specific lot which was pointed out to him, and to pay for it by the foot, without any knowledge as to the exact number of feet contained in it. On this point he contented himself with his own estimate and the opinion expressed by the defendant's agent. He had the same opportunity that the defendant's agent had to have the exact area ascertained by measurement, and that measurement could as easily have been made before as after closing the bargain. Under the circumstances, the mistake in his estimate as to the number of square feet contained in the lot is no excuse for his refusal to complete the purchase, and gives him no right to reclaim the money paid on account. We see no ground for the suggestion that there is a latent ambiguity in the receipt, or that the deed offered him varies from the contract, or purports to convey more land than he actually purchased. *Noble* v. *Googins*, 99 Mass. 231. *Salem India Rubber Co.* v. *Adams*, 23 Pick. 256. *Gordon* v. *Parmelee*, 15 Gray, 413. *Coughlin* v. *Knowles*, 7 Met. 57. *Congdon* v. *Perry*, 13 Gray, 3. *Exceptions overruled.*