### ELMER E. MORRISON *vs.* GEO. E. CLARK.

### Knox. Opinion April 7, 1896.

*Judgment. Res Judicata. Easement.*

The two essential elements of the doctrine of res judicata are the identity of the parties to the suit, and the identity of the issue necessarily involved. It must also appear that the issue which terminated in the former judgment was between the same parties in the same right or capacity. *Held;* in this case, that a former judgment did not operate as a personal estoppel against the defendant acting in a different right.

89  103
94  144

89  103
95  280

89  103
98  600

The defendant and his wife were tenants in common of a right of way across the plaintiff's lot on which the trespasses complained of in this action were committed. In a former suit the plaintiff recovered judgment against the defendant for trespasses committed on the easterly side of the lot, and it appeared from a special finding of the jury that the verdict in that case was based on the defendant's personal agreement to use a way on the westerly side of the lot.

In this action the defendant justifies the alleged acts of trespass on the ground that they were committed by license and authority of his wife in the exercise of her right to have a reasonably suitable and convenient way across the lot, offering at the same time to prove that a way on the easterly side of the lot would be more convenient for himself and wife and not unreasonably injurious to the plaintiff.

*Held;* that the former judgment against the defendant is not conclusive against him in this case, and that the evidence offered in defense should have been admitted. Tenants in common hold by several and distinct titles, and the wife had an equal right with her co-tenant to the use of a way that was reasonably suitable and convenient for the purpose for which it was granted. She was not bound by the separate agreement of her co-tenant made without her knowledge or consent and in disregard of her individual rights.

She was entitled to have the question of the reasonableness of the location of the way determined by a jury. If in this case the defendant was not acting in the exercise of any right of his own, but solely by authority of his co-tenant, the question of the reasonableness of the location is equally open to him in defense.

ON EXCEPTIONS BY DEFENDANT.

The case is stated in the opinion.

*W. H. Fogler*, for plaintiff.

The judgment in the first action is conclusive between these parties, and the controversy is res judicata. *Young* v. *Pritchard*, 75 Maine, 513—517; *Sturtevant* v. *Randall*, 53 Maine, 149—151; *Walker* v. *Chase*, Id. 260—262; *Blodgett* v. *Dow*, 81 Maine, 201; *Fuller* v. *Eastman*, Id. 286.

The title to himself and wife jointly of the right of way was available to the defendant in defense of the former suit, and he is estopped from setting up such title in the present suit. As a tenant in common he had then the right to use a right of way held by himself and another, jointly and in common, and had the opportunity to offer such joint title in evidence, and, as the court will undoubtedly assume, did in fact put the deed to himself and wife

in evidence in that suit. The defendant cannot now rely upon evidence of title acquired before the former suit.

The rule is well settled that a former judgment of a court of competent jurisdiction is final and conclusive between the parties, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and had decided as incident to or essentially connected with the subject matter of the litigation within the purview of the original action, either as matter of claim or of defense. Freeman on Judgments, § 310; *Griffin* v. *L. I. R. R. Co.* 104 N. Y. 452.

The right of the wife and the right of the husband, being derived from the instrument of conveyance, are identical. Having failed to justify in the former suit under the deed to himself and wife, he now undertakes to justify under the same deed.

*C. E. and A. S. Littlefield*, *C. M. Walker*, with them, for defendant.

SITTING: PETERS, C. J., WALTON, FOSTER, WHITEHOUSE, STROUT, JJ.

WHITEHOUSE, J. This is an action of trespass quare clausum.

The defendant admits that the acts complained of in the plaintiff's writ were committed by him on the easterly side of the plaintiff's lot, but claims that they were done in the exercise of a right to pass over the lot acquired by grant to himself and wife and by license of his wife.

The deed to the plaintiff of "lot 34" described in his writ contains a reservation of a right of way to George E. Clark the defendant and Lilla B. Clark, his wife, to Rankin Street.

The deed to the defendant and his wife shows title in them to an adjoining lot, and "also a right of way ten feet wide over, upon and across lot 34 . . . . on foot and with horse and carriage to Rankin Street." The defendant and his wife thus became tenants in common not only of the lot of land conveyed to them, but of a right of way ten feet wide across the plaintiff's lot. *Stetson v. Eastman*, 84 Maine, 366; *Robinson, Appl't*, 88 Maine, 1. It does

not appear that, at the date of this deed to the defendant, there was any existing way in actual use across the plaintiff's lot. The deed does not specify upon which side of the plaintiff's lot the way should be located or in what direction it should pass. The defendant and his wife were therefore entitled to have the use and enjoyment of a way as limited and described in the grant, and located upon the plaintiff's lot in such a manner that it would not be unreasonably inconvenient or injurious to the plaintiff and at the same time be reasonably suitable and convenient for the defendant and his wife, having reference to the purposes for which the way was granted, the situation of the lots in relation to each other and to the public street, and all the circumstances connected with the use of the lots and the way in question. *Atkins* v. *Bordman*, 2 Met. 457; *Johnson* v. *Kinnicutt*, 2 Cush. 153; *Brown* v. *Meady*, 10 Maine, 391; Washburn on Eas. 285.

It appears that the plaintiff had recovered judgment against this defendant for a trespass on the same lot, in a prior suit, in which the defendant justified his acts on the ground that they "were done by virtue of a right of way ten feet in width across said lot of the plaintiff, which right of way was at the time of the alleged breaking and entering owned by said defendant." In addition to the general verdict of guilty, found in that case, the jury also returned a special finding that the defendant had made an agreement with the plaintiff to use a right of way on the westerly side of the Morrison lot as claimed by the plaintiff.

The defendant's co-tenant, Lilla B. Clark, was not made a party to that suit. Her name was not mentioned in the pleadings and this special finding was distinctly restricted to this defendant, George E. Clark. Nor did it appear that in making that agreement, to use a way on the westerly side, the defendant acted with the knowledge and consent of his co-tenant or in any respect in her behalf.

In the case at bar, it appears that: "The defendant offered to prove that the acts complained of in the plaintiff's writ were done by him under license and authority from his wife, Lilla B. Clark, and that they were committed by him within a right of way, ten

feet wide, on the easterly side of the lot in question, where the way would be the most convenient for the defendant and wife and not unreasonably inconvenient or injurious to the plaintiff, instead of upon the westerly side thereof as mentioned in the judgment aforesaid, which evidence the court excluded upon the ground that it affords no justification for the defendant by reason of the judgment against him already shown in evidence."

Thereupon the court directed a verdict to be rendered for the plaintiff for nominal damages assessed at one dollar.

To these rulings, excluding the evidence offered in defense and directing a verdict for the plaintiff, the defendant excepted and on his exceptions the case is now before the law court.

It is the opinion of the court that the judgment in the former case is not conclusive against the defendant upon the facts disclosed in this action, and that the evidence offered in defense should have been admitted.

The two leading and essential elements of the doctrine of res judicata are the identity of the parties to the suit and the identity of the issue necessarily involved. Bigelow on Estop. 27—46. Hence to ascertain whether a judgment is a bar in a given case, it is necessary to inquire whether the subject matter in controversy was brought directly in question by the issue in the proceedings which terminated in the former judgment; and whether the former suit was between the same parties in the same right or capacity, or their privies claiming under them. *Lander* v. *Arno*, 65 Maine, 26; *Bigelow* v. *Winsor*, 1 Gray, 299. And one of the most satisfactory and reliable tests of the question, whether a former judgment between the same parties is a bar to the present suit, is to inquire whether the same evidence will sustain both the present and former actions. The issue will be deemed the same whenever, in both actions, it is supported by substantially the same evidence. On the other hand, if different proofs are required to sustain two actions, a judgment in one of them is no bar to the other. Freeman on Judgments, § 259, and cases cited.

With reference to the pending case, it is plain that the former judgment against this defendant would not be a bar if this action

had been against Lilla B. Clark, the defendant's co-tenant. As already noted, she was not a party to the former proceeding, had no right to appear and take part in that trial, exercise any control over the proceedings or take any measures to disturb the verdict rendered. The parties to the litigation would not be the same, nor would they stand in an attitude, or relation, to each other having the same effect as if they were identical. There was no such mutual or successive relationship between them to this right of way as would be required to establish a legal privity between them. I Green. Ev. § 189. As tenants in common they were entitled to the use of one passage way and only one. In no event would each be entitled to the use of a separate way without the consent of the plaintiff. In the absence of a definite location in the grant, it was competent for the parties to fix the location by a joint agreement between the co-tenants of the right of way, on the one part, and the plaintiff, the owner of the servient estate, on the other. In the absence of such an agreement, or in the event of a disagreement between the two owners of the right of way, the location must still be made by the plaintiff with due regard to the rights and convenience of all parties interested; and, if consistent with his own interests, in such a manner as to afford a reasonably suitable and convenient way for the defendant and his co-tenant Lilla B. Clark.

It is sufficiently evident from the special finding of the jury, that the verdict in the former action was based on the individual agreement of George E. Clark to use a way on the westerly side of the plaintiff's lot, and not on the easterly side where the alleged trespass was committed. But it was not shown that Lilla B. Clark in any way participated in that agreement or ever assented to it or acquiesced in it. She had an equal right with her co-tenant to the use of a way that was suitable and convenient for the purposes for which it was granted. She would not be bound by the separate agreement of her co-tenant made without her knowledge or consent and disregard of her individual rights. Tenants in common hold by several and distinct titles. With respect to his share each co-tenant has all the rights except that of sole possession

which a tenant in severalty would have. 1 Wash. Real Prop.
430. It has been uniformly held that one tenant in common can-
not as against his co-tenant grant an easement in the common
property to a stranger. *Clark* v. *Parker*, 106 Mass. 557; *Crippin*
v. *Morss*, 49 N. Y. 67; *Marsh* v. *Trumbull*, 28 Conn. 183; *Mer-
rill* v. *Berkshire*, 11 Pick. 274; Washb. on Eas. p. 46. In *Crip-
pin* v. *Morss*, the court say: "A tenant in common cannot by
grant, or by operation of an estoppel, or otherwise, confer any
right and privileges which he did not have himself. The most
that can be claimed for such a grant, or act of the owner, is that it
may operate by way of estoppel against him and his heirs and
those claiming under him." In *Merrill* v. *Berkshire*, an attempt
was made to set up the agreement of one tenant in common as
against his co-tenant, respecting the damages for laying out a high-
way over the common property, but the court said: "It is very
clear that the land of one tenant in common cannot be incumbered,
or in any way injuriously affected, by any agreement of his co-
tenant."

But if one tenant in common of a right of way is authorized to
fix the location of the way in accordance with his own personal
preference or caprice by means of a private agreement made with
the owner of the servient estate, in entire disregard of the rights
and wishes of the co-tenant, it is plain that one tenant in common
will always have it in his power by his independent acts to preju-
dice and "injuriously affect" his co-tenant. Such a doctrine would
not only be in clear violation of the well-settled general principles
governing the respective rights and obligations of tenants in com-
mon, but is manifestly unreasonable and unjust.

The authorities also uniformly support the general proposition,
that a judgment for or against one tenant in common of property is
not only not conclusive evidence, but ordinarily no evidence at all
against his co-tenant. Freeman on Judg. § 171; 12 Am. and
Eng. Enc. of Law, 96, and cases cited.

It follows that if Lilla B. Clark had been directly named as
defendant in the pending action, neither the separate agreement of
George E. Clark invoked in the former suit, nor the judgment there

rendered, could have been invoked as an estoppel against her. Her liability might be determined upon different evidence and be controlled by a different principle. In the case at bar, the defendant offered to prove that a way on the easterly side of the plaintiff's lot was more convenient for the defendant and his wife, and not injurious or unreasonably inconvenient for the plaintiff. It does not appear that this question of the reasonableness of the location has ever been determined. The defendant's co-tenant, Lilla B. Clark, would have had a right to have it passed upon. If the defendant did not act in the exercise of any right of his own, but solely under license and authority of his co-tenant, the question of the reasonableness of the location was equally open to him in this case. The former judgment was rendered against him for acts done in the assertion of his own right. In this case he seeks to defend acts done by him under the direction of his co-tenant in the exercise of her distinct and separate right. The fact that he was defendant in the former action may be immaterial; and his liability in the present suit not essentially different from that of any other agent who might be employed by Lilla B. Clark to drive her carriage over a way which she had a right to use across the plaintiff's lot. "It is a rule of both the civil and common law," says Mr. Freeman "that a party acting in one right can neither be benefited nor injured by a judgment for or against him, when acting in some other right." Freeman on Judg. § § 156 and 164, and cases cited.

The judgment in the former suit, therefore, will not operate in this case as a personal estoppel against the same defendant, acting in a different right.

*Exceptions sustained.*