No. 29,325.

OLLIE R. STARK, *Appellant*, v. GEORGE BRADFORD (now GEORGE HEINIG) et al., *Appellees*.

(287 Pac. 228.)

Opinion filed May 3, 1930.

*Ross McCormick*, of Wichita, for the appellant.

*C. M. Hudson*, *George McGill* and *H. C. Castor*, all of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a decision overruling a motion in the nature of an accusation in contempt for the violation of an injunction previously granted by the district court, and also to vacate a restraining order issued in the ancillary proceeding. An action, number 65,910, was brought by the county attorney in the name of the state against T. J. Stark and his wife, Ollie R. Stark, to enjoin the defendants from interfering with the digging of a ditch through defendant's land to drain water from a highway to a natural watercourse. The land of defendants adjoined the highway and it was alleged that after a heavy rainfall so much water accumulated on the highway it was rendered almost impassable, and that when the officers were proceeding to make the drain defendants interfered and prevented the county engineer and his aides from entering upon

defendants' land to make the improvement. In their answer defendants denied the allegation of the accumulation of water on the highway and alleged that the board of county commissioners had entered an order as follows:

"Moved that county engineer be instructed to proceed at once to complete the ditch as per plans, draining the area of South Hillside road north of Franklin avenue, as supported by court order."

The motion was carried, two members of the board voting for it and one against it. It was alleged that a commissioner and employees had entered upon the premises to carry out the order of the county commissioners, which it is alleged is unlawful and unnecessary.

It was also alleged that no court order had been made relative to an entry upon the land to complete the ditch; that the damages and cost of the ditch are out of proportion to the benefit to the public; that no proper investigation had been made by the county commissioners as to the necessity of the work; and that the order was made by the county commissioners without due notice, in disregard of their official obligations and against the lawful rights of defendants. It was further alleged that the county engineer exercised no independent judgment in the matter. Shortly afterwards Ollie R. Stark brought an action, number 65,913, against George Bradford, then the county engineer, and the board of county commissioners, asking that they be enjoined from entering upon the premises owned by her, in which she set forth the order of the county commissioners and the allegations previously included in the answer to the action brought by the state against Stark, number 65,910, and asking that the defendants, the county commissioners, and the county engineer, Bradford, be permanently enjoined from carrying out the order. The answer of defendants was a general denial except an admission that the plaintiff is the owner of the property and that the county engineer intends to go upon the property for the purpose of digging the ditch to drain a public highway.

Both of the actions were tried together, and upon the evidence the court granted a permanent injunction against the county commissioners, and the county engineer, Bradford, from constructing the drain. It appears that Bradford's term of office expired as county engineer, and that George Heinig was chosen to succeed him. Subsequently Heinig took up the question of improving the highway and

the construction of a drain and later notified Mrs. Stark of his intention to make the drain and fixed the time when he would enter upon the work. She at once instituted this proceeding, in which she asked the court to require Heinig and the board of county commissioners to show cause why they were not in contempt of the injunction previously granted. An order to show cause was issued and served upon Heinig and the commissioners, and at the same time a restraining order was issued to be effective until a hearing on the application was had. The county commissioners answered, alleging that they had no part in the action taken by Heinig, the county engineer, in respect to the drain, and added to their disclaimer the demand that the restraining order as to them should be vacated. In Heinig's answer he alleged that acting as county engineer and on his own authority, he had investigated and determined that the construction of the drain was necessary to the improvement of the highway, that he was acting under the authority of the statute, to wit, R. S. 68-115, and not in any way in contempt of the injunction previously granted, which it was alleged was directed against the enforcement of an order passed by the county commissioners. He alleged that the work he was proposing to do was based upon his own judgment as to the necessity of the drain and was done in pursuance of the authority vested in him by the statute. In his answer he set forth a communication from the judge of the district court that tried the injunction proceedings, which related to the purpose and scope of the judgment. The communication follows:

"Under section 68-115 the township trustee and the county engineer are authorized to enter upon any land adjoining a state or county road, and make such drains or ditches through the same as the county engineer or township trustee may deem necessary for the benefit of the roads. The statute therefore imposes the duty upon the county engineer, or perhaps both the county engineer and trustee, in determining whether drains and ditches shall be made.

"The evidence shows that the county engineer did not determine that it was necessary to do the work in question. On the contrary he testified, in effect, that he did not deem it was necessary, and he did not know, at the time the work was done, that the statute imposed this power upon him. The county engineer did the work at the request of the county commissioners. Since, therefore, the work was not done on the decision of the county engineer, as county engineer, that it was necessary to be done, the injunction in the case of State of Kansas, ex rel., v. Stark, will be refused, and the injunction will be granted in the case of Stark v. Bradford et al.

"If the county engineer had decided that it was necessary to do this work, the injunction would be granted in the case of State v. Stark and it would be refused in the case of Stark v. Bradford et al. If the engineer decides that a

certain drain should be made or a certain ditch should be dug and acts in good faith, the court has no right to interfere by injunction to prevent the work. If the engineer decides in good faith that it is necessary to do the work, it doesn't make any difference whether some property owners are greatly bene-fited and others are greatly injured."

There was a general denial of the averments in Heinig's answer, but no reply to the disclaimer of the county commissioners. At the trial no evidence was introduced except the pleadings and judg-ment in the injunction proceedings. There were some concessions and statements made by counsel and an extended colloquy between counsel and the court in regard to the issues and the interpretation of the pleadings and judgment. The court set aside the restraining order which was granted when the ancillary proceeding was begun, overruled the accusation of contempt and awarded costs to the defendant Heinig. The plaintiff complains of these rulings.

The court based its decision on the ground that the judgment of injunction previously awarded only enjoined the carrying out of the order of the county commissioners and did not involve the determi-nation of the county engineer respecting the necessity of the drain, and who was proceeding under his own authority, the authority con-ferred upon him by the statute (R. S. 68-115), and that he was not undertaking to carry out the orders of the county commissioners, the enforcement of which had been enjoined. While the matter of the drain was involved in the injunction actions, and the county commissioners and county engineer were parties in the action, the matters to be tried and decided were not the same. In the first proceeding the question involved was the enforcement of the order made by the county commissioners which was alleged by Stark to be without authority and therefore did not warrant the carrying out of the order. The matter to be tried in the ancillary proceeding was the right of the county engineer to take the steps provided by statute under which he was authorized to determine the necessity for the improvement of a highway by a process of drainage. Heinig was the successor of Bradford, as county engineer, but he was acting in a different capacity in the steps taken under the statute. Bradford was acting merely as an agency of the county commissioners, while the county engineer, Heinig, was proceeding under authority ex-pressly granted by the legislature and was proposing to carry out his own determination and order. Under the contempt proceeding the question was, Did the county engineer have authority to initiate

an inquiry and make a determination under the statute independent of the authority attempted to be exercised by the board of county commissioners? Heinig, although a county engineer, was acting in a different capacity than had Bradford, and before the doctrine of estoppel of a judgment can apply, it must appear not only that there was identity of subject matter and of parties, but also identity in the quality of the person against whom the claim is made. It is not the form of the judgment but the matter alleged by the party upon which the recovery is based which creates the estoppel. (*Benz v. Hines and Tarr,* 3 Kan. 390; *A. T. & S. F. Rly. Co. v. Comm'rs of Jefferson Co.,* 12 Kan. 127; *Morrison v. Clark,* 89 Me. 103; *Womach v. St. Joseph,* 10 L. R. A., n. s., 148, and note. In 1 Freeman on Judgments, 4th ed. § 156, it is said:

"It is a rule of both the civil and the common law that a party acting in one right can neither be benefited nor injured by a judgment for or against him when acting in some other right."

In the later proceeding the county engineer was acting in another right when he initiated the improvement of the highway under the statute, and the injunction previously issued does not therefore operate to estop him when acting in the different right. It appears that the parties and the court considered the injunction was issued against the enforcement of the order of the county commissioners. In the Starks' pleading that order was specifically set forth as being invalid and without binding effect upon them, and they prayed that the defendants be permanently enjoined from carrying out the order. It recited a direction to the county engineer to carry it out. The record shows that the county engineer acted on the order of the county commissioners, and not on his own determination within the power given him by statute. The pleadings of the Starks confirm this where they state that the county engineer made no investigation of the necessity for the work, and that, as we have seen, is required in the action that he must take in pursuance of the statute. Bradford stated that he had not investigated nor found the improvement to be necessary and had not made any decision in the matter. In the injunction proceedings the court determined that the enforcement of the order of the county commissioners should be enjoined, but that injunction did not estop the county engineer from afterwards making an investigation, and if he found a necessity for draining the highway, it was his duty to proceed with the work as the statute directs. The part of the statute pertinent to this con-

troversy first provides that the county engineer shall open all state and county roads, and the township trustee shall open all mail routes and township roads which have been laid out and established, after the required notice has been given. It then proceeds:

"And the county engineer or township trustee, respectively, shall keep the same in repair, and remove or cause to be removed all obstructions that may be found therein; for which purpose the township trustee and the county engineer are hereby authorized to enter upon any land near or adjoining such public road, to dig and carry away any gravel, sand, stone, clay, gypsum or any other road-building material and to purchase any timber which may be necessary to improve or repair said road, and to enter upon any land adjoining or lying near to said road, to make such drains or ditches through the same as the county engineer or township trustee may deem necessary for the benefit of the roads, doing as little damage to said lands as the nature of the case and the public good will permit; and the drains and ditches thus made shall be kept open if necessary by the township trustee or county engineer and shall not be obstructed by the owner or occupants of said land or by any other person, under the penalty of being fined not exceeding ten dollars for each offense, before any justice of the peace in the county. The owner of any gravel, sand, stone, clay, gypsum or any other road-building material so taken, or the owner of the land through which ditches or drains may be made, as herein provided, or the owner of the crops thereon, shall be allowed a fair and reasonable compensation for the material so taken or for any injuries his lands or crops may sustain in consequence of the making of said drains or ditches; the amount of such compensation to be determined, allowed and paid by the highway commissioners in event such material is used upon a mail route or a township road, and determined, allowed and paid by the board of county commissioners of the county when such material is used upon a county or state road. Such claims shall be allowed and paid in the same manner as other ordinary claims against the county or township, and the claimant shall have the same right of appeal as is now provided by law in other cases." (R. S. 68-115.)

There can be no question that the legislature has expressly provided for the action taken by county engineer Heinig, and there is no contention that the legislature is without power to confer this authority upon that officer. No reason is seen why he may not be vested with the authority exercised. Nothing is shown that he acted in other than good faith.

It follows that the judgment of the district court must be affirmed. It is so ordered.