MORTON PICKMAN & another *vs.* GERALD A. HAYS & another. October 25, 1974. The defendants, the sellers, appeal from a final decree of a Probate Court (G. L. c. 215, § 6) granting the plaintiffs, the buyers, specific performance of a written agreement for the purchase and sale of "[a] parcel of land on and off Goss Hill Road . . . being about two hundred (200) acres in the aggregate and being [with stated exceptions] all the land conveyed" to the defendants by a deed which contained certain descriptions by metes and bounds (see *Powell* v. *Clark,* 5 Mass. 355, 356-357 [1809]). Compare *Ratshesky* v. *Piscopo,* 239 Mass. 180, 187 [1921]). The purchase price was to be $250 per acre, with "[t]he precise acreage to be conveyed . . . [to] be determined by a survey to be made at the joint expense of the parties . . . and the final price . . . [to] be determined with reference to said survey." See *Dickinson* v. *Lee,* 106 Mass. 557, 559 (1871); *Maxwell* v. *Willingham,* 101 Ga. 55, 59 (1897); *Sheindelman* v.

*Colyer,* 122 App. Div. (N. Y.) 379, 382 (1907). We learn from the meagre statement of agreed facts on which the case was submitted that the survey disclosed the parcel to contain a fraction less than eighty-three acres. We know nothing of the negotiations of the parties leading up to the execution of the agreement, or of the significance of the 200 acre figure to any of the parties. Nor was there any agreed fact or evidence as to the nature or source of any mistake, if there was one. One member of the panel would deny specific performance on the basis of *Chute* v. *Quincy,* 156 Mass. 189 (1892). The other four members of the panel are of the opinion that the defendants have not sustained their burden of proving (see *Sawyer* v. *Hovey,* 3 Allen 331 [1862]; Restatement: Contracts, § 511, p. 981) such a mistake as would justify a refusal to grant specific performance.

*Decree affirmed.*

*Lewis A. Whitney, Jr.,* for the defendants.
*James J. Barrett* for the plaintiffs.