### McKown *versus* Whitmore.

In a suit upon contract, the plaintiff may be relieved from the statute of limitations, by plea and proof that the defendant fraudulently concealed from him, the knowledge of the cause of action.

But that relief cannot extend to a plaintiff, who had direct and ample means, in the exercise of ordinary prudence, to detect the fraud.

Assumpsit on the money counts. The statute of limitations was pleaded, to which the plaintiff replied that the defendant fraudulently concealed the cause of action. The case was submitted to the decision of the court, upon the evidence as reported by Wells, J., before whom the trial was had.

It appears by the report that the evidence tended to prove the following facts, viz : —

On the 12th of November, 1842, the plaintiff drew his check of $294, upon the Franklin Bank, and loaned it to the defendant upon his promise to repay, by depositing the amount in the bank to the credit of the plaintiff; the defendant used the check and in a few days afterwards informed the plaintiff that he had made the deposit in payment ; there was an open deposit account between the plaintiff and the bank from the date of that check till their settlement in June, 1849 ; upon that settlement, the bank called on plaintiff to pay said check of November 12, 1842 ; an interview was had between these parties and the cashier of the bank ; the defendant insisted that he had made the deposit ; this was denied by the cashier; the bank books showed no such deposit, but did show, in the account with the defendant, a deposit of $294, made November 16, 1842, by him to his *own* credit ; the books of the bank were open to depositors, so far as related to their own accounts ; the plaintiff, between 1842 and 1849, was several times seen at the bank ; he had, at times, a pass-book of his deposit account ; there was a large number of checks charged in the plaintiff's account kept by the cashier ; an error of $2000 was once discovered in that account; the defendant has signed notes as surety for the plaintiff to be dis-

counted at the bank, one of them about two years ago ; there were some other circumstances testified to, which might have a tendency to show that the plaintiff had the means of discovering the defendant's failure to make the deposit, if such failure had occurred.

*Evans*, for the plaintiff.

The suit is not barred by the statute of limitations. It is protected by the 18th section, which saves all cases, where the cause of action is fraudulently concealed from the plaintiff. The assertion of payment, by the defendant, being untrue, and known by him at the time, to be so, was such fraudulent concealment as to prevent the operation of the statute.

A statement of a fact as true, which the party knows not to be true, whereby injury results to another, is now universally held to be a fraud, for which an action will lie. *Tryon* v. *Whitmarsh*, 1 Metc. 1, where all the cases are cited and reviewed.

It does not lie in defendant's mouth to make the objection, that plaintiff was negligent, and might have ascertained by inquiry, whether the money had been paid or not. The assertion was made with a view to being believed, and of influencing plaintiff's conduct ; and defendant cannot complain that it had the designed effect.

Where one recommends another as worthy of credit, it may always be ascertained by inquiry, whether he be so or not ; and yet it is never held to be the duty of the party acting upon such recommendation, to make these inquiries. In matters of *opinion* it is otherwise ; but statements of *facts*, as *facts*, may always be acted upon at the responsibility of the party making them. It does not appear that plaintiff ever examined the books of the bank, or settled his account there, until June, 1849.

The suit was commenced August 28, 1849. Six years from the time the money was received, expired November 12, 1848.

Assuming that *any* negligence can be imputable to plaintiff,

it could only be, that he did not discover the fraud, prior to August 28, 1843, within nine months from the time the money was received, as the suit was commenced within six years from that date.

*Emmons*, for the defendant, argued : —

1. That, in view of all the facts, the presumption is, that the defendant has paid the amount of the check.

2. That the facts do not prove the defendant to have been guilty of fraud.

3. That there could have been no fraudulent concealment, because the plaintiff had the means in his own power, all the time, of discovery.   3 Mass. 201 ; 3 Greenl. 405 ; 9 Greenl. 131 ; *Farnham* v. *Brooks*, 9 Pick. 212.

" Undoubtedly," says Lord Kenyon, in *Pasley* v. *Freeman,* " where the common prudence and caution of man are sufficient to guard him, the law will not protect him, in his negligence."

HOWARD, J. — The statute of limitations furnishes a bar to this action for the defendant, unless he has lost its protection by a fraudulent concealment of the cause of action, from the knowledge of the plaintiff, until within six years prior to the commencement of the suit.   R. S. c. 146, § 1, 18.

It appears that the defendant received the plaintiff's check on the Franklin Bank, for $294, on November 12, 1842, and that he received the money on the check from the bank, on November 16, 1842, under an agreement to deposit the amount of the check in the bank, to the credit of the plaintiff " in a few days afterwards."   The defendant alleged that he made the deposit as agreed, but the books of the bank did not contain any evidence of it, nor was there any proof that it had been done.

He might, however, have made the payment as he stated, and the cashier of the bank might have neglected to enter it upon the books.   But if his statement was erroneous, and if he did not in fact make the deposit, it might have been a breach of a moral and legal duty, but would not consti-

tute a *fraudulent concealment* of the fact from the knowledge of the plaintiff. For the plaintiff knew, or had the most ample and direct means of knowing, by the exercise of common prudence, and in law was held to know, whether the money had been paid or withheld. The books of the bank, and his account there, open at all times to his inspection, as well as his own pass-book, would have enabled him to detect the error, at once, if it existed, either in the statement, or payment, or credit. If he neglected his rights and interest in this respect, he must submit to the regular operations of the statute, which protects alike the debtor and the creditor.

The alleged cause of action having accrued more than six years before the date of the writ, and there being no proof of fraud or concealment, the suit is barred by the statute of limitations.                    *Plaintiff nonsuit.*