## WIER v. JOHNS.

1. EQUITABLE INTERVENTION NOT ADMISSIBLE — ACTS OF A PARTY TO A CONTRACT AGAINST WHICH A COURT OF EQUITY CANNOT RELIEVE.— Where a party has the means of acquiring full information respecting the nature and extent of the obligations he is about to assume in the execution of the contract, and ample time to acquaint himself therewith, in the absence of fraud or imposition by the other party to the contract, a court of equity cannot relieve him against over-generous, hasty and inconsiderate action on his part, however ill-advised and injurious to his interests they may be.

2. A BILL TO SET ASIDE A CONVEYANCE OF LAND DONATED WILL NOT LIE IN THE ABSENCE OF FRAUD OR MISTAKE.— On a bill to set aside a conveyance, it appeared that plaintiff had agreed to donate to defendant land, in consideration of his erecting a factory upon it. There was a dispute as to whether the tract to be donated was to contain ten or twelve acres; and to settle the question as to the quantity necessary for the purpose intended, a surveyor was procured, and four separate parcels were surveyed and platted, showing the portions thereof which would be required for streets, and the parts occupied by the channel of the Platte river. After some negotiation the defendant offered to accept, and the plaintiff agreed to execute a deed to him of all four parcels. Plaintiff assisted in the survey and could easily have ascertained exactly how many acres the tracts contained. Before executing the convey-

ance, and after the tracts had been platted, he was informed that they contained considerably more than ten acres. Under this state of facts no case existed authorizing a court of equity to decree a cancellation of a portion of the conveyance, or for other relief.

*Appeal from District Court of Arapahoe County.*

Messrs. J. P. HEISLER and BENEDICT & PHELPS, for appellant.

Messrs. DOUD & FOWLER, for appellee.

REED, C. Appellant, plaintiff below, on the 1st of May, 1889, was, and for a long time previous had been, the owner of a tract of land near the city of Denver, and, being desirous of encouraging manufactures and enhancing the value of his land, entered into a contract with appellee whereby appellant was to donate and deed a tract of land to appellee in consideration of his building and maintaining on some part of the land quite an extensive factory for the manufactory of carriages. The contract in the first instance was for the donation of a tract ten acres in extent. Afterwards it was increased, and was to be twelve acres. After that, and before a conveyance was made, a question arose between the parties in regard to the extent of the tract; appellant insisting it should not exceed ten acres. In order to arrive at the proper conclusion a surveyor was employed by the appellee; and, with the assistance of appellant, a survey was made of four different parcels, conforming to the Platte river, and to streets to be laid out for the subdivision of the property. After some negotiation, appellee expressed a willingness to take the four tracts in full satisfaction, which seems at the time to have been acquiesced in by appellant, but, as alleged, under a mistake as to the aggregate quantity embraced in the four parcels; he supposing it did not much, if any, exceed ten acres in extent. A plat was made of the surveyed area,

showing streets, size of blocks, courses, distances, etc. According to the evidence the four tracts aggregated about thirteen and fifteen one-hundredths acres, exclusive of streets and the river, for which appellee requested a deed, which was made and executed, describing the tracts by courses, distances, metes and bounds, but not designating the number of acres. The deed was delivered to appellee, who executed and delivered a contract to erect a factory.

On the 29th of May, 1889, appellant commenced this suit by filing a complaint alleging his contract to convey ten acres and no more, the making and delivery of the deed by which, as alleged, he conveyed a fraction over fourteen acres; averring that the deed was by him executed under a misapprehension of the amount of land, and by mistake, and obtained by appellee through fraud and concealment of the facts; that the land donated and conveyed was worth $2,000 an acre, for which he received no consideration except the proposed erection of the factory; and asking that the deed be canceled and held void, that the description in the deed be corrected so as to embrace the proper amount of land, that the defendant be required to reconvey to plaintiff all land conveyed in excess of the ten acres, and for an injunction restraining the defendant from selling or incumbering the land. A trial was had to the court, resulting in a judgment for the defendant.

Several errors are assigned, but those relied upon are, in substance, that the finding was against the evidence and the law. Much testimony was taken in regard to the original and subsequent contracts of the parties as to the amount of land to be conveyed, which need not be considered by this court, as it appears that such contracts had expired by limitation, or had been superseded, and that, at the time of the survey and attempted designation and final adjustment of the matter, there was no definite understanding between the parties either as to

quantity — whether ten or twelve acres — or location; and, as all former negotiations must be regarded as leading up to, and having been merged in, final adjustment, much of the testimony may be disregarded except in so far as it explains the intention of appellant as to the amount of land he was to convey.

The only question necessary to be determined is whether appellant was overreached by fraud and concealment on the part of appellee, and, through misapprehension of the facts or by mistake, conveyed more land than he intended, and the other had a right to require.

It is apparent from the evidence that appellant was, in the transaction, generous in the extreme, conveying a very large and valuable property for apparently a very inadequate consideration, and conscientiously carrying out an oral agreement when it could not have been enforced, perhaps, at law. It is equally apparent that appellee was selfish and exacting. But these are matters outside of the limit of proper examination in this court. A court of equity cannot relieve a party from the effects of generous, hasty or inconsiderate acts entered upon understandingly, however ill-advised and injurious they may be. It appears from all the testimony, including that of appellant, that he assisted in the survey, designated different points and courses, and had the survey made with a view to having it coincide with the intended platting of the remainder of the tract, and that this was all done as preliminary to determine what parcels, and how much, appellee should have. It also appears that, after these preliminary facts were ascertained, it was agreed between the parties that the four parcels should be conveyed and accepted, concluding the transaction.

It does not conclusively appear that appellant was definitely informed of the contents of each parcel. The contents of the two westerly blocks, and the triangular piece on the east side of the river, seem to have been properly ascertained and truly stated to the appellant;

but it does not conclusively appear that he was properly or definitely informed of the amount of land contained in the other tract adjoining the river on the westerly side. But there is no evidence of concealment of the fact by appellee or the surveyor, while it is conclusively shown that appellant had, or could have had, all necessary information and *data* to arrive at exact knowledge of the quantities, had he deemed it necessary. These facts, of themselves, might be deemed sufficient to warrant a court of equity in refusing to interfere, but there are still stronger reasons for refusing the relief asked.

After the survey was completed a plat was made, showing boundaries, courses and distances, from which the contents of each tract, and consequently the aggregate of all, could have readily been computed. Appellant had access to the plat, had it in his own possession, submitted it to his lawyer before the conveyance was made, and a rough or partial computation was made; and he was informed, as he testified, that it was greatly in excess of ten acres,— near fifteen acres in all. Mr. Heisler, counsel for appellant, testified that he informed appellant that the aggregate of the four tracts considerably exceeded ten acres in extent. Appellant went back and informed appellee of the fact. A general discussion followed and explanations; then, with full knowledge, or means of full and accurate knowledge, he concluded to deed, deliberately executed and delivered the conveyance of, the four parcels. It is hardly necessary to say, on these undisputed facts, that a court of equity cannot relieve him.

In Kerr, Fraud & M. 236, 237, the law is said to be that " whatever is notice enough to excite the attention of a man of ordinary prudence, and call for further inquiry, is, in equity, notice of all facts to the knowledge of which an inquiry suggested by such notice, and prosecuted with due and reasonable diligence, would have

led.  *  *  *  If a man had actual notice of circum-stances sufficient to put a man of ordinary prudence on inquiry as to a particular point, the knowledge which he might, by the exercise of reasonable diligence, have ob-tained, will be imputed to him by a court of equity.  The presumption of the existence of knowledge is so strong that it cannot be allowed to be rebutted."

And the text is sustained by numerous authorities cited, both English and American.  In *Kennedy v. Green*, 3 Mylne & K. 722, it is said: " Whatever is notice enough to excite attention, and put the party upon his guard, and call for inquiry, is notice of everything to which such inquiry might have led.  When a person has suf-ficient information to lead him to a fact, he shall be deemed conversant of it."  In Ang. Lim. sec. 187, and notes: "The presumption is that, if the party affected by any fraudulent transaction or management might, with ordinary care and attention, have seasonably de-tected it, he seasonably had actual knowledge of it."  In *Wood v. Carpenter*, 101 U. S. 143, after a careful ex-amination of the authorities, it is said: " Concealment by mere silence is not enough.  There must be some trick or contrivance intended to exclude suspicion and prevent inquiry.  There must be reasonable diligence; and the means of knowledge are the same thing, in effect, as knowledge itself."

See 2 Pom. Eq. Jur. § 893; 1 Story, Eq. Jur. § 200; *Tuck v. Downing*, 76 Ill. 71; *Nudd v. Hamblin*, 8 Allen, 130; *Cole v. McGlathry*, 9 Me. 131; *McKown v. Whit-more*, 31 Me. 448; *Enfield v. Colburn*, 63 N. H. 218; *Dick-inson v. Lee*, 106 Mass. 557.  Having in view these well-settled principles, the court was warranted in finding that the deed was not obtained by fraud and concealment on the part of appellee, nor executed under misappre-hension or through mistake of appellant, and that no case was made authorizing a court of equity to decree a

cancellation of the deed, and a reconveyance of a portion of the land. We think the judgment of the district court should be affirmed.

PATTISON and RICHMOND, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

Affirmed.