## KLINK ET AL. v. PEOPLE.

| 16 | 467 |
| 1a | 436 |
| 16 | 467 |
| 3ə | 135 |
| 16 | 467 |
| 20a | 88 |

1. CHARGE TO JURY — PRESUMPTION ON DEFECTIVE RECORD.— When the charge to the jury is not embodied in the record, the supreme court will presume that it correctly stated the law of the case.

2. IMPROPER ADDRESS TO JURY — WAIVER OF OBJECTIONS.— As a general rule the failure of opposing counsel to interpose objection when improper language or argument is being used in addressing the jury will be treated by the supreme court as a waiver of the objection.

3. CRIMINAL CAUSE — MOTION FOR NEW TRIAL AFTER LAPSE OF TERM. After the final disposition of a criminal cause and lapse of the term, the trial court has no jurisdiction to entertain an application to reconsider its ruling upon motion for a new trial.

4. VACATION OF JUDGMENTS — CODE PROVISIONS RELATE TO CIVIL ACTIONS.— The provision of the Civil Code authorizing the vacation of judgments under certain circumstances within five months after the rendition thereof is confined to civil actions; it has no application to criminal cases.

5. PERJURY BY PRINCIPAL WITNESS — EXECUTIVE CLEMENCY.— In a criminal case, if after the lapse of the term the principal witness for the prosecution admits that he committed perjury, such admission may under proper circumstances be ground for the exercise of executive clemency.

6. TESTIMONY IN CRIMINAL CASES — ACCOMPLICE — CORROBORATING CIRCUMSTANCES.— The testimony of an accomplice is received with caution and regarded with suspicion. The great importance of corroborating testimony or circumstances is always urged upon juries, and verdicts of conviction are seldom sustained in the total absence thereof.

7. NEWLY-DISCOVERED EVIDENCE — TESTIMONY OF ACCUSED.— Testimony of the accused concerning his whereabouts on the day of the forming of a conspiracy to commit crime is not newly-discovered evidence. Besides, proofs of his whereabouts mentioning no particular hour, and which, if true, nevertheless leave ample opportunity for his being present and participating in the conspiracy, are not so material as to render the court's ruling denying a new trial reversible error.

*Error to Criminal Court of Pueblo.*

Messrs. McFEELY & McALINEY, for plaintiffs in error.

J. H. MAUPIN, attorney-general, and Mr. H. H. BABB, for the people.

CHIEF JUSTICE HELM delivered the opinion of the court.

Plaintiffs in error were indicted, tried, convicted and sentenced upon the charge of assault with intent to rob. The instructions not being embodied in the record before us, we must presume they correctly stated the law of the case. The verdict is not entirely unsupported by evidence. On the contrary, if the jury believed the testimony of Miller, the record amply warrants their finding.

It does not appear that any objection was at the time interposed to the language employed by the prosecuting

attorney in making his closing argument before the jury. The conduct imputed to him was not grossly improper; but assuming that he should have refrained therefrom, since defendants failed to interpose timely objection, we must decline under the circumstances here presented to consider the merits of this assignment of error. *Cook v. Doud*, 14 Colo. 493, and cases; Weeks' Att'ys at Law, sec. 112. Undoubtedly courts as well as attorneys are charged with the obligation of protecting parties from this kind of unfair treatment. And we do not say that an abuse of the attorney's privilege in this regard may not be so flagrant as to warrant reversal, even though court and counsel neglect to discharge their duty. But, as a general rule, the failure to interpose timely objection will be treated in this court as a waiver thereof.

The application for a reconsideration of the ruling upon the motion for a new trial was not presented until a term of court subsequent to the term at which the trial, conviction and sentence took place. The object of this proceeding was not to correct some clerical misprision of the clerk, or to amend the judgment in some merely formal particular, or to procure the entry of some ruling actually pronounced, but inadvertently omitted; its purpose was to reopen the judgment and obtain a retrial of the entire issues. There must be an end to criminal as well as civil proceedings. After the final disposition of the case and the lapse of the term, the court had no jurisdiction to entertain the application in question. If this motion could be heard, there would be nothing to prevent a repetition of similar proceedings at each and every subsequent term during the punishment of a convicted party. *Harrison v. State*, 10 Mo. 686; 1 Black. on Judgments, secs. 154, 158. Counsel's contention that the proceeding in question was warranted by statute is erroneous. The provision relied on is found in the Civil Code, which relates alone to procedure in civil actions, and by its title is confined to that kind of litigation. It can have no application in criminal cases. Since the

motion under consideration, if ever in order, came too late, we cannot notice the affidavit of Miller in support thereof. Relief to plaintiffs in error, in case this witness committed perjury, must come, if at all, by way of executive clemcn2y.

The sole remaining question discussed by counsel in their oral argument touches the ruling of the court upon the motion for a new trial. Miller, the witness above mentioned, who was regarded as an accomplice and indicted with plaintiffs in error for the crime charged, turned state's evidence, and it is probable that upon his testimony the conviction largely rests. The testimony of an accomplice is received with caution and regarded with suspicion. It is considered doubtful by some authorities if a conviction based upon such evidence alone should be sustained. Wharton's Crim. Ev. (9th ed.), sec. 441. The great importance of corroborating testimony or circumstances is always urged upon juries, and verdicts of conviction are seldom returned in the total absence thereof. *Roberts v. The People,* 11 Colo. 219. The record before us, however, discloses evidence in corroboration of Miller's statements. Ryan, Woods and Rebecca Matchs were disinterested witnesses, and their testimony tends to sustain that of Miller.

The other ground averred in support of the motion for a new trial, while more serious, is not sufficiei.t. The so-called newly-discovered evidence was intended to show that plaintiff in error, Klink, could not have been present at the alleged meeting of the conspirators on the 25th of July, the day preceding the commission of the crime. In the first place, this was not a newly-discovered matter, because it relates to the immediate whereabouts of Klink himself at a given time; and Klink knew upon the trial, as well as afterwards, all the circumstances mentioned in his affidavit. In so far as his own testimony is concerned, showing his alleged employment and whereabouts at different periods on the 25th of July, no valid excuse is presented for not offering it upon the trial. Besides, Klink's affidavit in support of the motion is simply to the effect that on the morn-

ing of the 25th of July one Amick employed him to haul a load of tools a distance of five or six miles, which work he did; that afterwards and on the same day he hauled another load from Pueblo to East Pueblo; also, that he was at the home of his parents in Pueblo late the same evening. These things may have been true and yet he may have met Miller and the other parties at the time and place of the alleged conference. This affidavit does not fix his whereabouts at any particular hour of the day, and from aught appearing therein he had ample time and opportunity to have been present at the forming of the alleged conspiracy. He mentions the names of two different men who assisted him in the transfer of the tools; but he makes no explanation regarding their absence from the trial or their present whereabouts. The affidavit is altogether too indefinite to justify this court in setting aside the verdict.

Amick, Klink's alleged employer on July 25th, simply states that he has read over Klink's affidavit and that the same is true touching the matter of the employment in question. It is doubtful if the testimony of Amick, had it been given before the jury, could have affected the result. Besides, it does not appear that Amick was absent from the county. Klink knew at the time of the trial that Amick was aware of the alleged employment, and no sufficient reason is given for not then calling him as a witness.

There was, in our judgment, no such abuse of discretion on the part of the trial court as warrants interference by us. The judgment will be affirmed.

*Affirmed.*