[No. 4315.]

## GILSTRAP v. THE PEOPLE.

1. **Practice in Criminal Cases—Argument of Counsel—Improper. Remarks—Exceptions.**

    Ordinarily the failure of counsel to object to improper comments of opposing counsel in addressing the jury, at the time it occurs, precludes a review of the alleged improper conduct in the appellate court.

2. **Same.**

    The use of improper language by the prosecuting attorney in addressing the jury is not sufficient to reverse a verdict of guilty where it appears that the only time defendant's counsel objected and called the court's attention to the improper remarks, the court reprimanded the prosecuting attorney in the presence of the jury and requested him to desist from further improper remarks, in such manner as to remove from the minds of the jury any improper impression which such language was calculated to produce.

**3. Same.**

In the address of a prosecuting attorney to the jury, a comment on the failure of defendant to prove good character is not sufficient to reverse a verdict of guilty, where it does not appear from the record whether or not such comment was pertinent in reply to something said by defendant's counsel in their argument, and where such remarks were not objected to at the time.

*Error to the District Court of Arapahoe County.*

Mr. RALPH TALBOT and Mr. THOS. WARD, for plaintiff in error.

Mr. C. C. POST, attorney general, and Mr. JAMES D. MERWIN and Mr. GEORGE M. POST, assistants attorney general, for the people.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The defendant was convicted of the crime of rape, and sentenced accordingly. There are some contradictions in the testimony of the three girls, the principal witnesses for the prosecution, probably due, in part at least, to their youth and inexperience; but in that portion relating to the commission of the crime there is no serious conflict. From a careful examination of the evidence, we are satisfied that it is sufficient to sustain the verdict. Indeed, counsel for plaintiff in error do not seriously contend for a reversal upon the ground of a lack of evidence. Their chief reliance is based upon alleged improper remarks of the assistant district attorney in his closing speech to the jury. In substance it is alleged, in an affidavit of one of defendant's counsel in support of a motion for a new trial, that this officer commented upon the fact that defendant did not call witnesses to testify to his good reputation and standing in the community; that he referred to the defendant as "this thing, beast and brute," and that he stated

to the jury, in effect, that there had been testimony that Gilstrap told the prosecuting witness how babies are born, as to which there was no evidence, and referred to the act of defendant as "low, despicable and beastly."

It is further stated that this officer of the state told the jury that Mr. Thomas Ward, one of defendant's counsel, had become ashamed of the case and for that reason had skulked away from the court, and that Mr. Ralph Talbot, another of his counsel, had also skulked away, because he was ashamed of it, and that the latter, who had practiced for thirty years at the bar and stood well in his profession ought to be ashamed of himself for defending such a beast as defendant, and the fact that such counsel had been assigned by the court was no excuse for it; and when defendant's counsel attempted to state to the court, to the jury, or to the deputy district attorney, that Mr. Ward at the time was in trial of a case in the county court, and tried to object to other improper remarks, the prosecutor would raise his voice, and give no opportunity either for objections to be made or exceptions to be taken. Counsel assert that all these acts of gross impropriety were done without any instructions being given to the jury by the court to disregard them, without any rebuke being directed to the attorney guilty of such misconduct, and without any caution to the jury not to be swayed thereby in arriving at their verdict.

That some of the language of the representative of the state, in addressing the jury, was improper, we have not the slightest doubt. For some, ample justification is found in the evidence of unusually brutal acts said to have been committed by defendant which, in the interests of common decency, ought not to be here recounted. If the jury believed the story of the girls, under the age of consent, then no invective by

counsel could too strongly characterize defendant's conduct. Yet it is not every impropriety of successful counsel in addressing a jury that entitles the opposing party, against whom a verdict is returned, to a new trial. The opinion of the district court, in overruling the motion for a new trial, is brought up in the record. Therein, and elsewhere in the record, it appears that Mr. Ward absented himself, unquestionably for good cause, after making his speech to the jury, and that during the closing speech of the deputy district attorney, Mr. Talbot, the other counsel for defendant, was not at all times present in the court room when some of the objectionable language was used. The trial court states that much of the language set forth in the affidavit was doubtless used by the district attorney, but that the remarks there quoted were largely of a fragmentary character, not seriously made, but somewhat caustic and humorous, and so understood; and the affidavit does not clearly show the circumstances which gave rise to them, or the remarks of counsel for defendant to which, apparently, they were a reply. Ordinarily, the failure of counsel to object to such language at the time it was used precludes him, in case the verdict is unfavorable, from a review in an appellate tribunal. An attempt is made to take this case out of the rule by showing the inability of counsel to make his objections on account of the conduct of the deputy district attorney in raising his voice to so high a pitch as to prevent interruption. It appears, however, from the statement of the court, that no attempt was made by counsel for accused at the time some of this language was used to interpose an objection, and no request was then made that the deputy district attorney be stopped or rebuked, and not until at a certain point later in his argument was objection made, whereupon the court stopped the

prosecuting officer, and cautioned him as follows: "Mr. Haines, you will please desist from any further reference to public sentiment in this case, as we are trying it upon the facts and the evidence, which alone must control the guilt or innocence of the accused. You have made one or two statements here about the defendant of which I do not approve, and I will now call your attention to them. Such statements as referring to the defendant as a 'beast,' 'brute,' or 'thing,' or using other harsh names, are improper, and if I thought the jury would be influenced by such language, I would give them pretty strong instructions regarding it. This matter of appealing to public sentiment is often indulged in by the district attorney, and is not proper, and case after case has been reversed on these grounds, as the district attorney knows full well, and the judge permitting such argument has often been criticised by the higher courts and new trials ordered. I therefore caution you not to use this language in the way you have been proceeding, and I desire to say to the jury that I hope this is not a matter that will sway your minds."

While this rebuke and caution might have been more emphatic and pronounced, we think, in the circumstances of the case, it was sufficient to remove from the minds of the jury any improper impression which such language was calculated to produce. Moreover, counsel for defendant seems to have been satisfied with it, and made no request of the court then, or at any other time, further to instruct the jury to disregard it.

We find nowhere in the record that any specific objection was interposed to the comment said to have been made by the deputy district attorney upon defendant's failure to prove good character, and we look in vain to the affidavit and to the record to see what such comment was. In the absence of a show-

ing to the contrary, we cannot say that it was objectionable or injurious. It might have been pertinent to the discussion in reply to something said by defendant's counsel in their addresses to the jury, or entirely harmless, or favorable, to defendant. We cannot assume that it was improper, particularly as the trial judge has said that defendant's counsel were absent from the court room and his attention was not called to it at the time or an opportunity then given to correct the statements, or rebuke counsel for making them, and that when objection was made by defendant a prompt admonition was given, and the jury warned not to be influenced by them.

It must not be inferred that we believe that learned counsel for defendant purposely remained silent and interposed no appropriate or seasonable objection to the misconduct complained of, with a view to springing the objection in case of an unfavorable verdict; but we are quite clear that he should not have contented himself merely by engaging with opposing counsel in an unequal vocal contest. He should, rather, have addressed himself to the court for appropriate relief, and not have remained satisfied with his unsuccessful attempt to drown the voice of the prosecutor.

The court did not refuse to rule, when appealed to; on the contrary, in its opinion overruling the motion for a new trial, the court said that the only time objection was made the deputy district attorney was stopped in his speech, and the admonition and rebuke given to which reference has been made; and thereafter there was no repetition by him of any act of impropriety, or any further objection made by defendant's counsel.

The attorney general argues that where, as here, an examination of the record will show that no other verdict ought to have been given, it should not be

set aside, though impropriety of conduct by an attorney apparently contributes thereto.   Whether such a rule should be enforced depends largely upon the facts of each particular case.   Had not the court, when called upon, told the jury of this impropriety, and so far as the same was within its power, removed any unfavorable impression that such conduct naturally creates, we would set aside the judgment. Where it is apparent that the verdict is, or might have been, influenced by such misconduct of counsel, and its influence was not counteracted by appropriate action of the trial court, the verdict ought not to stand. We refuse to disturb it, not merely because the evidence shows that no other result could have been reached without misbehavior of the jury, but because we are satisfied that the trial court, in the peculiar circumstances which the record sets forth, by its caution to the jury and its rebuke of counsel, removed from the minds of the jury any prejudice or undue influence that such conduct might otherwise have produced.   And if other, or further, action of that tribunal might well have been had, and was omitted, defendant is not in a position to complain.

The judgment should, therefore, be affirmed.

*Affirmed.*