[No. 4628.]

HOBSON, EXECUTOR, ET AL. v. ANDERSON.

1. **Equity Practice—Juries—Findings of Court.**

In an equity case where the court disregarded the findings of the jury and made findings of its own, the findings of the jury are immaterial in a review of the case by the appellate court.

2. **Conveyances—Consideration—Cancellation.**

Where a party who held title to certain lands to secure the payment of a debt agreed with the debtor to execute to him a deed to the lands and place it in escrow to be delivered to him upon payment of the debt, and did execute such deed and delivered it to said debtor to be by him delivered to the party agreed upon to hold it in escrow, and said debtor died without

having delivered the deed to the person agreed upon and without having paid the debt, the agreement and deed were without consideration, and in an action against the executor and heirs of such deceased debtor for that purpose the deed will be canceled.

*Error to the District Court of Pueblo County: Hon. N. W. Dixon, Judge.*

. Mr. J. H. McCORKLE, for plaintiffs in error.

Mr. JOSEPH DYE and Mr. L. A. CRANE, for defendant in error.

Mr. JUSTICE GUNTER delivered the opinion of the court.

This was an action by defendant in error, Mrs. Lizzie P. Anderson, to cancel a deed signed by her and running to George H. Hobson, now deceased. The parties defendant were the heirs at law of said George H. Hobson and the executor of his last will and testament, Albert W. Hobson. From a judgment granting the relief prayed two of the heirs have brought this appeal.

The instrument sought to be canceled was a general warranty deed purporting to convey lot 2, block 58, and lots 17 and 18, block 59, city of Pueblo. The complaint alleges as to lot 2 that when defendant in error, Mrs. Anderson, made the deed in question, January 31, 1899, she was the owner in fee of such lot; that as to the other lots she then held title to them to secure an indebtedness of $2,900 owing by George H. Hobson to herself; that while she so held the three lots she agreed with deceased to make a deed running to him of said lots 17 and 18 and to place the same in the hands of Asbury E. Hobson to be held by him until said indebtedness of $2,900 was paid, then to be delivered to George H. Hobson. Pursuant to this understanding defendant

in error made the deed and handed it to George H. Hobson for delivery to Asbury E. Hobson to be held by him under the above agreement. After the execution of the deed said lot 2, without her knowledge or consent, was included therein. George H. Hobson died with the deed yet in his possession, therefore without delivery to Asbury E. Hobson, as agreed at the time of its execution. The deed is now in the hands of the executor of George H. Hobson. The $2,900 has not been paid.

The answer was by the widow and daughter of deceased. It puts in issue the allegation of the complaint, that at the time of the making of the deed sought to be canceled defendant in error was the owner in fee of said lot 2; also the allegation as to the inclusion of said lot 2 after the execution of the deed.

The answer also alleges that defendant in error held the title to the three lots described in the deed to secure the payment of certain moneys loaned by her to deceased, and that deceased had conveyed to her such lots to secure said loan; that defendant in error had executed the deed sought to be canceled in acknowledgment that she so held the lots, and under the agreement that on payment of such indebtedness she would reconvey the three lots to the owner, the deceased.

The testimony for plaintiffs in error was that defendant in error agreed to make the deed in question and to place the same in escrow; that she executed the deed and before it was delivered she revoked the agreement. There was no consideration for the agreement to make and place the deed in escrow, nor was there any consideration for the deed when signed.

Certain issues were submitted to a jury, and it made findings thereon. These findings it is unneces-

sary to recite because the action was equitable and the court made findings of its own.—*McClelland v. Bullis*, ante, p. 69, 81 Pac. 771.

The court found that defendant in error agreed with George H. Hobson to make the deed in question and to place the same in escrow as hereinbefore recited; that under the agreement it was to embrace said lot 2 as well as lots 17 and 18; that under this agreement she made the deed, and that at the time of its making it included said lot 2. It further found that after the execution of the deed it was never delivered, and that the $2,900 note had never been paid, and ordered the cancellation of the deed. We think its judgment was right.

The facts summed up are simply these: Defendant in error, without consideration, agreed to make the deed in question; she executed the deed, but before its delivery revoked her agreement which included the deed.

The judgment should be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concur.