Cunningham, Presiding Judge.
On August 13, 1909, appellee filed Ms complaint in the district court to quiet title to certain lands and water rights in Boulder County; the bill contained the usual allegations, in proceedings of this sort where brought under the code. No question is made as to the ownership or possession of the property, the title to which plaintiff seeks to have quieted; both are in plaintiff. But the defendant below, appellant here, claimed an interest in the land and water rights by virtue of a certain purported oil and gas lease. Judgment was rendered in favor of plaintiff, from which judgment the defendant, Davis, brings this appeal.
1. . The purported lease upon which appellant bases his claim of interest in the land, and to cancel which *163 appellee brought his action, was made by one Jackson, appellee’s immediate grantor, and runs to appellant Davis. The lease imposed upon Davis, the lessee therein named, appellant here, no duty whatever, save and except the nominal one of paying to the lessor, Jackson, “as royalty to said party of the first part, one per cent of the net proceeds derived from all oil or gas obtained, should Davis see fit to develop the land, and in so doing obtained oil or gas. This lease purports to tie up all the lands and water rights involved in this action for a period of forty years, without obligating the lessee, Davis, to prospect or search for oil, or to do anything whatever, other than to pay the nominal royalty just referred to, should he prospect the land and find oil or gas in paying quantities. Granting that the lease was in all respects a valid one, it is our opinion that the lessee forfeited whatever rights he had under the lease by his failure to diligently prospect for oil and gas, no explanation for his failure so to do being offered. .The lease was signed by Jackson, the owner of the land, on February 10, 1909. The complaint in this action was filed August 13, 1909, a little more than six months after the lease was signed. The case was called for trial on July 5th, 1910, almost a year and a half after the signing of the lease by Jackson. No attempt was made on the trial to show that Davis had ever made a move to prospect for oil, or to do anything whatever in that direction, nor did he offer to show to the court, or intimate that he ever intended to do anything. In other words, neither by plea nor proof did he attempt any explanation of his delay in that behalf. This delay, unexplained, was sufficient to work a forfeiture of the lease. — Snyder on Mines (1902), vol. 2, sections 1170, 1180, 1181; Huggins v. Daley, 99 Fed., 606, 40 C. C. A., 12, 48 L. R. A., 320; Kindley on Mines (1903), vol. 2, section 862; Federal Oil Co. v. Western Oil Co. (C. C.), 112 Fed., 373-375; Costigan on Mining Law (1908), 478.
*164 Our conclusion from these authorities and the facts as stated is that the lease in question, even though originally valid in all respects, had been forfeited by Davis at. the time plaintiff filed his action to quiet title, and therefore the decree of the ferial court canceling said lease was proper.
2. The lease, as we have pointed out, imposed no positive Or certain obligation upon the lessee therein named. It purported to tie up, not only the land, but the water rights incident thereto, for forty years, and purported to give a right during all that time to said lessee (without any corresponding obligation upon him) to prospect the land for oil and gas, construct and maintain machinery, pipe lines, buildings and railroads upon the land, with the right to remove all such improvements; it gave him the further right to sublet any or all of the premises, and to assign and transfer any and all rights by him acquired under the lease. The defendant is not shown to have paid any consideration whatever for the lease, nor is he required by the terms thereof to expend a dollar in money or a day in time in prospecting, searching for, or developing oil or gas wells on the land therein described. Neither did Davis attempt to show on the trial that he had entered upon the work, taken possession of the land, nor that he had any intention of .so doing. All that Davis.appears to have done under the lease was to place it of record, thereby casting a cloud upon appellee’s title. Under these circumstances the lease was voidable at the option of the lessor, or his successor in title, at any time before the lessee, by performance, had supplied the lack of both consideration and mutuality, and made the contract binding and enforcible; and he had the right to withdraw therefrom at any time before performance by the lessee, since the instrument which the parties have termed, and which, we, for convenience, have referred to as a lease, is, properly speaking, but a lease option.— *165 9 Cyc., 327h; Beulah Marble Co. v. Mattice, 22 Colo., 547, 45 Pac., 432; Gordon v. Darnell, 5 Colo., 302; Frue v. Houghton, 6 Colo., 318, 324; Stiles v. McClellan, 6 Colo., 89-90; 9 Cyc., 333.

Judgment Affirmed.