## No. 8880.

### MEYER *v.* NELSON, ET AL.

Decided October 8, 1917. Rehearing denied December 3, 1917.

Action for rescission of contract. Judgment for defendants.

### *Affirmed.*

1. APPEAL AND ERROR—*Equity—Special Verdict.* Assignments of error based upon contradictory answers in a special verdict returned in a chancery case, are without merit, as the trial judge in his capacity as a chancellor, is the real arbiter of the cause.

2. CONTRACT—*Rescission.* In the absence of fraud, courts will not relieve parties from the effects of their speculative ventures or hasty and ill-considered agreements.

*Error to the District Court of Delta County, Hon. Thomas
J. Black, Judge.*

Mr. M. D. VINCENT, Mr. MILTON R. WELCH, for plaintiff
in error.

Mr. MILLARD FAIRLAMB, for defendants in error.

*En banc.*

MR. JUSTICE BAILEY delivered the opinion of the court.

THIS is an action wherein plaintiff sought to be relieved
from a contract between himself and defendant, by the
terms of which plaintiff purchased a half interest in a
certain ranch with the stock, crops and implements thereon,
together with a like interest in other lands, ditches and
reservoir sites in Delta County. A prior action brought by
plaintiff for the same purpose, on the ground of mutual
mistake, was dismissed on demurrer; the present action is
based on allegations of fraud and deceit. The trial judge,
of his own motion, called a jury to answer special interroga-
tories. The answers thereto were in the main favorable to
defendant and judgment was entered accordingly. Plaintiff
brings the case here on error. The parties will be desig-
nated as in the court below.

Defendant, Nelson, was owner of a half interest in what
is known as the Gunn ranch, the other half being owned
by one Staples. A tract adjoining this property was filed
upon by Nelson's wife as a desert claim. Nelson, in Febru-
ary, 1910, interested the plaintiff, Meyer, in a proposition
whereby Meyer was to purchase Staples' interest in the
Gunn ranch, together with a half interest in the desert
claim and half of the stock, crop and implements on the
land, and to bear half of the expense of building a reservoir
and ditches to secure water sufficient to irrigate all the
land. Part of this water was to be taken from Alkali Creek
from which defendant had a priority of two and one-half
feet. The remainder was to consist of surplus flood and
winter water from the creek, together with flood waters

from nearby gulches, to be stored in a reservoir to be constructed. Work was begun and payments made under a verbal agreement, which was superseded later by the written contract now sought to be set aside. In substance this contract provides that the ownership of all the property involved shall be vested in a corporation, the stock of which shall be issued in equal parts to Meyer and Nelson, and that in addition to the sum already paid by Meyer to Nelson, Meyer shall pay to him $10,000.00 in ten installments, with the privilege of meeting these payments out of the proceeds of the venture, if possible. Meyer's allotment of stock was deposited with Nelson as collateral, with provisions for forfeiture for non-payment after ten years.

Plaintiff now seeks to be relieved from the payment of the additional $10,000.00, on the ground that Nelson grossly and fraudulently misrepresented the amount of water available from Alkali Creek and from the proposed reservoir; and that he misstated the amount of land then under cultivation on the Gunn ranch, and took advantage of plaintiff's ignorance of irrigation methods to induce him to enter into a project that it was physically impossible to successfully complete. He also alleges that he was not given sufficient opportunity to investigate, and that, having lived in this State for only a short time, he was unable to judge for himself as to the possibility of irrigating all of the lands in the manner proposed by defendant.

Defendant denies all of these allegations and the issues are therefore made up on questions of fact. In its findings the trial court held that the alleged fraudulent statements were mere expressions of opinion, honestly made. This conclusion appears to have been reached by the jury in their answers to the special interrogatories; and their answers thereto are in the main fully approved by the court although they are in no wise binding upon it. *McGan v. O'Neil*, 5 Colo. 58; *Kirtley v. Marshall S. M. Co.*, 8 Colo. 279, 6 Pac. 920; *Porter v. Grady*, 21 Colo. 74, 39 Pac. 1091. Those assignments of error which are based upon contradictory answers in the special verdict are without merit,

as the trial judge in his capacity as chancellor, was the real arbiter of the cause. *Buckers Irr. Mill. & Imp. Co. v. Farmers' Ind. Ditch Co.,* 31 Colo. 62, 72 Pac. 49; *Hobson v. Anderson,* 34 Colo. 444, 83 Pac. 634.

From the opinion of the court it is apparent that while the trial judge was impressed that plaintiff might have made a bad bargain, he was equally satisfied that defendant was governed by an honest intent throughout the whole transaction. In *Wier v. Johns,* 14 Colo. 493, 24 Pac. 262, it appears that the court was asked to relieve a plaintiff in a similar situation. The question there was whether certain tracts of land conveyed by plaintiff to defendant and which were presumed to contain approximately ten acres each, were known by defendant to contain much more than that area. The court said:

"The only question necessary to be determined is whether appellant was overreached by fraud and concealment on the part of the appellee, and, through misapprehension of the facts or by mistake, conveyed more land than he intended, and the other had a right to require. It is apparent from the evidence that appellant was, in the transaction, generous in the extreme, conveying a very large and valuable property for apparently a very inadequate consideration, and conscientiously carrying out an oral agreement when it could not have been enforced, perhaps, at law. It is equally apparent that appellee was selfish and exacting. But these are matters outside of the limits of proper examination in this court. A court of equity cannot relieve a party from the effects of generous, hasty or inconsiderate acts entered upon understandingly, however ill-advised and injurious they may be."

In the case at bar it may well be that plaintiff entered into an hasty and ill considered agreement. This court, however, cannot, in the absence of fraud, and clearly fraud has not been established, relieve parties from the consequences of their speculative ventures, and the judgment will be affirmed.

Mr. Chief Justice White not participating.