No. 12,797.

Milow *v.* The People.

(3 P. [2d] 1077)

Decided October 5, 1931.

Mr. Charles T. Mahoney, for plaintiff in error.

Mr. Clarence L. Ireland, Attorney General, Mr. E. J. Plunkett, Assistant, Mr. Earl Wettengel, Mr. Harold E. Popham, for the people.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

Ralph Milow, hereinafter referred to as defendant, was convicted of the crime of statutory rape, and sentenced to a term in the penitentiary. He prosecutes this writ, assigning as error: (1) Misconduct of the trial judge; (2) misconduct of the district attorney; (3) refusal to give tendered instructions; (4) striking of supplemental motion for a new trial.

1. This assignment pertains to two matters: First, the remarks of the trial judge in excluding persons under the age of eighteen years from the court room during the trial of the cause, after the jury was impaneled and in their presence; and, second, in excluding defendant's mother from the court room.

Under the first, the record discloses the remarks of the trial judge were: "The Court: With the exception of the complaining witness, Virginia Davis, are there any boys or girls in the court room under eighteen years of age? If there are, will you stand up—anybody under eighteen years of age. It will be necessary, if you are witnesses, to wait outside, both of you. We can't have you stay in here and hear a case of this kind. Now, I want to say to the rest of you people, both men and women, this is a rape case. The testimony in this class of cases ordinarily is repulsive. Things are spoken here that are not pleasing to anybody's ears, if they are ladies and gentlemen. So I tell you folks in advance, those over eighteen years of age, there are going to be things here that will be said that will be very disagreeable. If you are here out of idle curiosity it is a poor place for you to be. If you are witnesses, or anything of the kind, of course it is

necessary for you to be here. But anybody who voluntarily comes here to hear this salacious testimony—it is bad and nobody that considers themselves ladies or gentlemen would want to stay here and hear this kind of testimony.''

There was no objection to the court's action in thus excluding children, but counsel argue that this statement was highly prejudicial to the defendant because, first, it intimated that the trial judge disliked to hear testimony in cases of this nature, and, second, without hearing the testimony or knowing what it would be, it was termed by the court as salacious. The first intimation is the natural revulsion of a normal man; the second, a careful examination of the evidence discloses, if it was prophetic, was nevertheless true.

▇ The second matter presented under this assignment was the action of the trial judge in excluding defendant's mother from the court room for ''coaching'' defendant while testifying, and the record discloses the following:

''The Court: (Addressing audience) Now, don't you do that any more—I mean you. You better go outside.

''A voice: Me?

''The Court: Yes, you, for shaking your head. I won't have you coaching witnesses in this court room. Now, you go outside.''

The excluded witness had already testified, and it is argued that the defendant was prejudiced by the court's action because it had the effect of causing the jury to wholly disregard the witness's testimony. It is further made to appear, by an affidavit in support of the motion for a new trial, that the witness denied that she had been guilty of ''coaching'' the defendant while he was testifying. No objection was made at the time the witness was excluded; the trial judge was in position to see and know if the witness was interfering with the defendant and attempting to influence his answers, and, under all the circumstances, we must assume that he acted properly.

472

The alacrity with which the witness seemed to identify herself when the trial judge addressed his remarks to the audience lends great weight to the trial judge's conclusion that the excluded witness was in fact offending.

■ 2. The district attorney, in his argument before the jury, called attention to the fact, developed by the evidence, without objection, that defendant was twenty-four years of age; twice married, and that his daughter was born within a period of less than four months after his second marriage. The district attorney also made some allusion to the fact that defendant's mother had been excluded from the court room because of her "coaching" of defendant. Defendant's counsel made no objection to this argument; gave the court no opportunity of instructing the district attorney to discontinue it if it was objectionable, and made no request that the court instruct the jury to disregard it. The conduct of defendant's counsel was such as to indicate that this argument was not objectionable. When counsel fail to make timely objections to alleged improper arguments, it may be said as a general rule that error based thereon will not be considered by this court. *Klink v. People,* 16 Colo. 467, 469, 27 Pac. 1062; *Gilstrap v. People,* 30 Colo. 265, 268, 70 Pac. 325; *Foster v. People,* 56 Colo. 452, 461, 139 Pac. 10; *Tashima v. People,* 58 Colo. 98, 102, 144 Pac. 200; *Wilkinson v. People,* 86 Colo. 406, 413, 282 Pac. 257.

■ 3. The fair inference from the record is, that before court recessed to convene again at 7:30 p. m. for arguments, or immediately thereafter, the court submitted certain instructions to counsel, and, in chambers, in the presence and hearing of counsel for defendant, dictated the following:

"The Court: * * * Let the record show the defendant has no objection to the instructions given by the Court and has tendered no instructions which have been refused by the Court."

"And thereupon Court was regularly convened at the

hour of 7:30 o'clock p. m., when the following proceedings were had, to-wit:

"The Court: Call the jury.

"Mr. Young: If the Court please, I would like to tender—(counsel hands paper to Court).

"The Court: It is too late to tender instructions when I have them all drawn up. I can't stop even to read them. I can't let you tender instructions at this time.

"Mr. Young: Note an exception."

The correctness of this record is undisputed. The instructions were not tendered in compliance with our rule 7; they were not filed or tendered for filing, and the record does not disclose the trial court's refusal to give them; they are not to be found in the record in this cause except as they appear attached to the motion for a new trial. In this state of the record, no assignment can be properly considered. The instructions given by the court appear to fully cover the law upon the questions proper for the consideration of the jury.

 4. The verdict of the jury was returned on May 29, 1930; the motion for a new trial was filed on June 30, 1930; on July 18, 1930, the motion for a new trial was argued and by the court denied, and thereupon the defendant was adjudged guilty, and sentenced to the penitentiary. We take judicial notice of the statutes which provide that the September, 1930, term of the district court in the Second Judicial District commences on the second Tuesday in September (§5659, C. L. 1921), and we also take judicial notice of the fact that the second Tuesday in September, 1930, came on the ninth day of that month. On September 11, 1930, the defendant filed a supplemental motion for a new trial, which motion was based on newly discovered evidence. On September 26, 1930, the district attorney moved to strike the supplemental motion for a new trial because the same was filed too late, and the court was without jurisdiction to hear, consider, and determine the same. On October 4, 1930, the district attorney's motion was granted. No error

was committed. See: *Klink v. People,* 16 Colo. 467, 469, 27 Pac. 1062; *Saleen v. People,* 41 Colo. 317, 322, 92 Pac. 731; *Turley v. People,* 73 Colo. 518, 528, 216 Pac. 536; *Mandell v. People,* 76 Colo. 296, 298, 231 Pac. 199.

■ The affidavits filed by defendant in support of his supplemental motion for a new trial were not traversed by counter-affidavits. In view of the fact that a motion to strike the supplemental motion was pending and undetermined, this course was proper, but attached to the answering brief of the people there appear several affidavits which, upon examination, we find to be original affidavits, signed and sworn to some time in September, 1930, and which were never filed in the district court. These original affidavits controvert facts set forth in the affidavits supporting defendant's supplemental motion for a new trial. The attaching of the original affidavits to a brief in this court, for the purpose stated in counsels' brief or for any other purpose, is improper, and upon our own motion, these affidavits are stricken.

The evidence, if believed by the jury, is ample to support its verdict; no substantial rights of the defendant were violated; his counsel in this court, who did not appear as his counsel at the time of the trial, has ably presented and argued his client's cause. There is no prejudicial error appearing in the record, and, therefore, the judgment is affirmed.