475 P.2d 351 (1970)
SEDALIA LAND COMPANY, a Colorado corporation, Plaintiff in Error,
v.
The ROBINSON BRICK AND TILE COMPANY, a Colorado corporation, Defendant in Error.
No. 70-307. (Supreme Court No. 22970.)
Colorado Court of Appeals, Div. I.
September 29, 1970.
*352 Charles F. Brennan and Williams, Erickson & Wallace, Wayne D. Williams, Denver, for plaintiff in error.
Belmore T. Martin, Holland & Hart, Robert P. Davison, Edwin S. Kahn, Denver, for defendant in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under the authority vested in the Supreme Court.
The parties appear here in the same order as in the trial court and will be referred to as the plaintiff and the defendant.
Plaintiff instituted an action against the defendant seeking damages and a declaratory judgment to cancel a mineral lease. Trial was to the court, which dismissed *353 the action at the conclusion of plaintiff's evidence. From such order of dismissal plaintiff brings this writ of error.
The lease, dated September 29, 1954, was executed by the then owner of the land. Plaintiff acquired title to the land in 1959. This action was commenced in 1966, some twelve years after the lease was executed. By the terms of the lease, the defendant, as lessee, was granted the right to remove clay and earth from the leased land for a period of twelve years and for so long thereafter as clay or earth was removed or produced. There was a proviso in the lease that mining operations would be conclusively presumed to be continuous so long as not interrupted for more than six months. The lease agreement provided for an annual rental of $50 a year and royalties of 15¢ per cubic yard of clay or earth removed. The lease also provided that:
"Lessee shall have the right to terminate this agreement by giving notice in writing thirty days prior to September 29 of any year of this agreement."
Plaintiff's arguments are that the above quoted portion of the lease creates an equal and reciprocal right of termination in the lessor; that any other interpretation of the lease would render it void for lack of mutuality and contrary to equity and good conscience; and that the consideration for the lease is entirely executory, making it a mere option, revocable at the will of either party.
Plaintiff, in effect, urges that for a valid contract to exist each party must have identical and reciprocal rights. We do not agree that such is the law. A right or power or privilege possessed by one party does not have to have its equivalent or exact counterpart in another party. 1A A. Corbin, Contracts § 161; 1 S. Williston, Contracts § 105A (3d ed.). It has been specifically held in this jurisdiction that, while mutuality of a contract is an essential element for enforceability, the reservation of a right to terminate the contract by one party will not, in and of itself, render the contract void. McCoy v. Pastorius, 125 Colo. 574, 246 P.2d 611. However, plaintiff contends that the McCoy case has no application here because the lessee's power to terminate contained in the lease before us was not in any way "bargained for" or supported by a tangible consideration at the time the lease was granted. Even if we should assume that the holding in McCoy requires evidence of these factors, the fact is that any determination here as to the sufficiency of initial consideration has been rendered unnecessary by the fact that the lessee had conducted mining operations under the lease agreement and had paid significant cash amounts to the lessor prior to the commencement of suit. Davis v. Riddle, 25 Colo.App. 162, 136 P. 551.
The equitable considerations in this case do not remove it from the results reached in McCoy v. Pastorius, supra, nor compel a cancellation of the lease agreement as plaintiff contends. It is true that the lease agreement here, unlike that in the McCoy case, runs for an indefinite term. However, after the expiration of the primary or fixed term, the lease agreement required annual development work, and our law also implies a covenant of reasonable development of the leased deposits. Rocky Mountain Fuel Co. v. Clayton Coal Co., 110 Colo. 334, 134 P.2d 1062. There is no issue here that such development covenants, whether express or implied, were not satisfied. To the contrary, plaintiff's own evidence established substantial development by the lessee and substantial benefits to the lessor flowing from development of the leased deposits.
Plaintiff's basic complaints appear to be that the lease is no longer profitable to the lessor; that the leased land has increased substantially in value since the lease was executed; and that a greater profit might now be realized if the land were developed for residential *354 use. The general rule is that, if a party enters into a contract or any other legal transaction with sufficient mental capacity to understand it, and not under the influence of fraud, coercion or imposition, the courts will not relieve him of the consequences of his act on the sole ground that the bargain is improvident as to him. Thurmon v. Skipton, 157 Colo. 423, 403 P.2d 211; Ace Flying Service Inc. v. Colorado Dept. of Agriculture, 141 Colo. 467, 348 P.2d 962; Hanks v. McNeil Coal Corp., 114 Colo. 578, 168 P.2d 256; Meyer v. Nelson, 69 Colo. 56, 168 P. 1175. Here no contention is made that there was any fraud, coercion, or imposition present at the inception of the lease agreement, nor is there any allegation of surprise or mistake on the part of the plaintiff who, it is admitted, acquired the land with full knowledge of defendant's rights under the lease.
Plaintiff also contends that the trial court erred in failing to find that plaintiff had proved a forfeiture of the lease because of the waste and hazard caused by the defendant's mining operations. These were factual questions, which in this case were to be determined by the court as the trier of fact. The motion to dismiss, which the court granted, was made under the provisions of R.C.P.Colo. 41(b) (1) following the presentation of the plaintiff's case. In granting the motion under such rule, the court necessarily found on these questions that the plaintiff had shown no right to relief. In reviewing such findings, all conflicting evidence and possible inferences therefrom must be resolved by us in favor of the trial court's judgment. Ellis, Inc. v. Ellis, 115 Colo. 12, 168 P.2d 549. Reviewed on such basis, the evidence in the record supports the trial court's conclusions.
Judgment is affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.