**CORPORATE FINANCE ASSOCIATES PADUCAH, INC., Plaintiff-Appellee,**

v.

**Thomas RATHBONE, Donald Pinkal, John Buzenberg, Defendants-Appellants.**

No. 82CA0246.

Colorado Court of Appeals, Div. II.

March 29, 1984.

W. Bruce Kopper, Colorado Springs, for plaintiff-appellee.

Richard M. Stevenson, Colorado Springs, for defendants-appellants.

SMITH, Judge.

Corporate Finance Associates Paducah, Inc., (consultant) entered into a contract in which it agreed to aid and assist Thomas Rathbone, Donald Pinkal, and John Buzenberg, (owners) in the sale of their corporation, Veebirds, Inc. When owners failed to pay the agreed fee upon sale of the assets of the business, consultant sued. From the trial court's entry of judgment in favor of consultant in the amount of $17,474, owners appeal. We affirm.

The contract entitled "Client Fee Agreement" provided in pertinent part as follows:

"CLIENTS [Thomas Rathbone, Donald Pinkal, and John Buzenberg] authorize and direct CONSULTANT, as an independent contractor, to take appropriate action to initiate conferences, assist in analyzing and evaluating alternate opportunities, and to employ the full resources of CORPORATE FINANCE ASSOCIATES' national network of offices on the following assignment:

Sale of VEEBIRDS, INC.

IF CLIENTS reach agreement with any company or individual resulting in a consideration being exchanged between them involving the named business and the substance of this Agreement, CLIENTS agree to pay CONSULTANT according to the Fee Schedule attached. No other fee shall be due CONSULTANT under this Agreement."

Trial was to the court without a jury. At the conclusion of the trial the court found that consultant had performed services under the contract. The evidence disclosed that consultant instituted a nation-wide search for a purchaser of owners' business and, in that regard, contacted a number of prospects. Further testimony was presented that throughout the term of the agreement consultant made himself available to, and consulted with, owners, and on one occasion, at his own cost and expense, visited owners' company offices in Colorado Springs, Colorado.

The trial court further found that, during the term of the client fee agreement, owners sold the assets of their business to Bradley Sales Corporation for the sum of $249,500. The court, based upon its findings of fact, awarded consultant the sum of $17,475 pursuant to the terms of the client fee agreement.

The arguments of owners, on appeal, stem from the fact that they were the ones who contacted the ultimate purchaser, Bradley, and that they conducted all the negotiations with Bradley leading to the sale.

Owners first argue that their liability to consultant for a fee should be based upon application of the doctrines announced in the various Colorado cases dealing with brokers' commissions in real estate transactions. We reject, as did the trial court, this contention. The parties stipulated in the pretrial order that whether consultant was a licensed real estate or securities broker was not an issue in this case, and there has been no contention that the sale of the assets of Veebirds, Inc., involved any real property. Unlike traditional brokers' contracts, this was a contract to provide services in aid of sale. There was no exclusive right to sell granted to consultant, nor was there any specific requirement, or implication in the contract, that obtaining the ultimate buyer was the primary obligation of the consultant.

Evidence at the trial indicated that owners were aware of the consultant's expectation of compensation regardless of whether the owners sold their business through a contact of the consultant or to a buyer located by the owners. The evidence further disclosed that consultant, early in the life of the contract, suggested to owners that they contact Bradley as a possible purchaser or, that if owners wished, consultant would contact Bradley for the owners. Owners directed that consultant not contact Bradley. The contract provision specifying that compensation is to become due only if a sale occurs, does not, in our view, constitute a requirement that consultant must produce and negotiate with the ultimate buyer.

There has been no allegation here of fraud, coercion, or imposition on the part of the consultant, and we cannot relieve a party from his obligation under a contract simply because he believes he has struck a bad bargain. *Meyer v. Nelson,* 69 Colo. 56, 168 P. 1175 (1917); *Sedalia Land Co. v. Robinson Brick & Tile Co.,* 28 Colo.App. 550, 475 P.2d 351 (1970).

In the same vein, owners argue that the client fee agreement is ambiguous. Presumably, this argument is advanced on the theory that the agreement does not define with sufficient specificity the duties of consultant. We have examined this agreement, as did the trial court, and we likewise conclude that the client fee agreement is not ambiguous on its face. We hold that the duties and obligations of each party are sufficiently defined to enable the contract to be enforced.

Owners next argue that the court erred in finding consideration for the agreement and, thus, in awarding judgment in favor of the consultant. Our examination of the record discloses ample evidence to support the trial court's findings that there were mutual promises and that the required services were performed by consultant. Therefore, the trial court's determinations in that regard will not be disturbed on review. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

Judgment affirmed.

BERMAN and METZGER, JJ., concur.