Hyatt, J.
The complaint alleges “ that the plaintiff at the request of the defendant performed work, labor and services, and furnished materials for the same, of the value of $58.48, that the items of such labor and materials and days on which the same were done ot furnished are hereto annexed, that no part of the same has been furnished.”
The defendant demurs upon the ground that “the complaint does not contain facts sufficient upon its. face to constitute a cause of action.”
An issue of law arising upon a demurrer (Code Oiv. Pro. § 964), must be tried as prescribed by §§ 965, 977, Code Civ. Pro., unless it is disposed of by motion under section 537 of that act.
The question before the court, is the motion of the, plaintiff to overrule the demurrer as frivolous. He cannot be set aside, or deprived of priority of hearing thereon, by reason of the fact, that after the due service of notice of motion, the defendant served a notice of trial of an issue of law arising upon the demurrer.
The objection made to the complaint is, that it nowhere alleges an indebtedness by defendant to plaintiff by reason of the phraseology of the second, allegation “that no part of the same hás been furnished." It is urged that this nullifies the force, of the first allegation or cause of action, that materials were furnished, and that if they were not, no work could have been performed as alleged.
*284 In the original complaint, the word “paid” supplies the place oE the word furnished in the copy. It is written over an erasure, and it is just possible that the' word “furnished” might originally have occupied its place. Admitting, however, that the copy pleading served must control (Lane v. Salter, 4 Rob. 239), yet the complaint is not demurrable.
In the construction of a pleading for the purpose of determining its effect, its allegations will be liberally construed with a view to substantial justice between the parties; the law will give it effect, if such can consistently be done, rather than treat it as a nullity. The alleged defect is, at the most, a technical one, a clerical error, happening most likely in consequence of the impression left in the mind of the clerk or copyist by reason of having written the same word several times in the same paper, and thus inadvertently repeating it in place of the intended word “paid.”
There were no ignorant or willful omissions of the facts upon which the pleader’s case depended, and the rule is well settled, that on the question of evidence to support a cause of action or a matter of defense, a technical defect in a pleading should be disregarded on the trial (White v. Spencer, 14 N. Y. 247 ; Simser v. Cowan, 56 Barb. 395; Ayers v. O’Farrell, 10 Bosw. 143).
The demurrer is without adequate reason, and, in my judgment, was interposed in bad faith.
The demurrer must therefore be overruled and judgment ordered for the defendant with costs, and $10 costs of motion.