DANA L. TRACY, APPELLANT, v. WILLIAM H. BAKER, RESPONDENT.

*Pleading — when a denial of all facts not specifically admitted will be sustained.*

An answer, by which "the defendant denies any knowledge or information sufficient to form a belief as to every allegation in the complaint not hereinbefore admitted," will be held in the third department to put in issue the facts alleged in the complaint and not specifically admitted by the answer, where the denials are so specific as to clearly point out the allegations of the complaint to which they are intended to apply.

*Calhoun* v. *Hallen* (22 Hun, 155), and *Clark* v. *Dillon* (15 Abb. N. C., 276), followed.

APPEAL from a judgment in favor of the defendant, entered upon a verdict directed by the court.

*Chamberlain & Hale*, for the appellant.

*D. Magone*, for the respondent.

BOCKES, J. :

Appeal from the judgment of the St. Lawrence County Court dismissing the complaint.

This was an action for an escape, brought in the County Court of St. Lawrence county. The complaint alleged the official character of the defendant as constable; the recovery of a judgment in Justices' Court in favor of the plaintiff against one King; the issuing of an execution thereon against the person of King; the delivery thereof to defendant; the arrest of King by defendant; and the escape of King by permission of defendant without plaintiff's consent.

The defendant in his answer admitted his official character, and averred that the execution was delivered to him with instructions not to arrest King, but to use it as a means to induce him to secure the amount of the judgment. The answer concludes as follows: "The defendant denies any knowledge or information sufficient to form a belief as to every allegation in the complaint not hereinbefore admitted."

The action came on for trial before Hon. JOHN M. KELLOGG, county judge, and a jury. The plaintiff proved the recovery of the judgment in the Justices' Court, the issuing of the execution, and the amount due thereon, and rested. Whereupon defendant moved for judgment on the ground that plaintiff had not proved an escape. The court held that the arrest and escape were controverted by the answer, and instructed the jury to find a verdict for the defendant; to which ruling and instruction plaintiff excepted.

The effect to be given to a denial in an answer like the present has been repeatedly under discussion in the courts, and the decisions on the subject are not harmonious. The cases bearing thereon *pro* and *con* are gathered together and commented upon in a note to the case of *Clark* v. *Dillon* (15 Abb. N. C., 276, *et seq*). Here and again to examine the cases and to offer further discussion of them would be, as we think, a profitless ceremony. In this department we have already held a denial as in this case to be sufficient to put in issue the averments of the complaint not before in the answer admitted. (*Calhoun* v. *Hallen*, 25 Hun, 155.) Doubtless the answer was put in and the decision of the court at the trial was made in view of this decision. It must also be presumed that the

plaintiff's attorneys were aware of the ruling upon the question in this department, hence were bound to be prepared on the trial to make proof according to its requirements. We should, as we think, adhere to the decision in the case cited made in our department; especially should we do this under the existing diversity of opinion upon the subject in the courts.

It seems to be supposed that the question was determined against the decision in *Calhoun* v. *Hallen* by the Court of Appeals, in *Clark* v. *Dillon* (97 N. Y., 370). But an examination of the latter case shows such supposition unfounded. The decision in *Calhoun* v. *Hallen* was then referred to; but it was not disturbed because it was deemed unnecessary then to consider it. (See remarks of RUGER, Ch. J., on page 375.) The test to be applied to a case like the present, deducible from all the decisions as declared in the note to *Clark* v. *Dillon* (15 Abb. N. C., 282), and which seems reasonable, is this: "That a defendant may use this form when the excepted denials are so specific as to clearly point out the allegations of the complaint to which they were intended to apply." Tested by this rule, the denial in this case was sufficient to present the question of fact for trial as held by the learned county judge. But without an elaboration of the subject we are of the opinion that the decision in *Calhoun* v. *Hallen* must be held to be conclusive of the question here presented.

Judgment affirmed, with costs.

Present — LEARNED, P. J., BOOKES and LANDON, JJ.

Judgment affirmed, with costs.