GARRIT FURMAN and Wife, Respondents, v. WILLIAM H. FUR-MAN et al., Defendants; MINNIE W. BRAUN and MIRABEAU L. TOWNS, Appellants.

1. VACATION OF JUDGMENT, FOR FRAUD. The power of the Supreme Court to control its judgments and to set aside, on motion, a judgment, for fraud or deceit practiced by a party, is not subject to the limitations of time prescribed in sections 724, 1282 and 1290 of the Code of Civil Procedure. Cases of fraud are not within these sections.

2. INCIDENT OF VACATION OF JUDGMENT. A party to a partition action has no right to complain of the setting aside of an interlocutory judgment therein, for fraud practiced by another party, merely because the vacation of the judgment may deprive him of the benefit of an adjudication therein as to his legitimacy, where his right to take an interest in the land is not affected.

3. PAYMENT OF COSTS AS CONDITION OF VACATION. Where the court, acting within its discretionary jurisdiction, has ordered that a judgment be set aside and the action discontinued, for fraud practiced by a party, on payment of a certain sum as costs to the guardian *ad litem* of an infant party, and no final order. has been entered, a deficiency in proof of payment may be supplied. on a supplementary motion for an order of discontinuance. made after the death of the guardian *ad litem*, by tender of the costs to his executor.

*Furman* v. *Furman*, 9 App. Div. 94, affirmed.

(Argued June 7, 1897; decided June 15, 1897.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered in October, 1896, which affirmed an order of Special Term.

The nature of the order and the facts relating thereto are stated in the opinion.

*Delos McCurdy* and *Raphael J. Moses* for appellants. The Court of Appeals has jurisdiction of the appeal from the order of the Appellate Division of October, 1896. (Code Civ. Pro. § 190, subd. 2; Const. N. Y. art. 6, § 9; *Halliburton* v. *Clapp,* 149 N. Y. 187; *People* v. *A. L. & T. Co.,* 150 N. Y. 117; *People ex rel.* v. *Campbell,* 152 N. Y. 55; 19 N. Y. 532; 102 N. Y. 631; 97 N. Y. 37.) The court has jurisdiction to review the order of the General Term in November, 1877, because the notice of appeal gives notice that it will be brought up for review. (Code Civ. Pro. §§ 1301, 1316, 1337; *Cochran's Exrs.* v. *Ingersoll,* 66 N. Y. 652; *Stanton* v. *King,* 76 N. Y. 585.) The order of August 13, 1877, affirmed at General Term, November, 1877, was an exercise of power which, as to the appellant Braun, the court did not possess. The record shows that no fact as against this appellant was alleged, there was nothing upon which the judicial discretion could act, and hence it is error of law and reviewable as it affects the substantial right of the adjudication of the appellant's legitimacy. (*Cushman* v. *Brundrett,* 50 N. Y. 296; *Cole* v. *Malcolm,* 66 N. Y. 367; *Connolly* v. *Kretz,* 78 N. Y. 620; *Mills* v. *Hildreth,* 81 N. Y. 94; *McKenna* v. *Bolger,* 94 N. Y. 641.) Where all the allegations in an affidavit are upon information and belief and do not disclose the source of the information or the character of the evidentiary facts, nothing is presented to a court authorizing affirmative judicial action, even as matter of discretion, to vacate a judgment rendered after hearing. (*Murphy* v. *Jack,* 142 N. Y. 216; *Buell* v. *Van Camp,* 119 N. Y. 160.) The report of the referee, in May, 1877, and its confirmation in June, 1877, by the court, adjudging Minnie W. Furman the lawful issue of Victor B. W. Furman, cannot now be attacked except by a plenary action to set aside the judgment for fraud or other equitable reason, where she and her grantees will have an opportunity to be heard on full proof and as to fraud upon

issues framed to be tried by a jury. (*Fisher* v. *Hepburn*, 48 N. Y. 41; *Dana* v. *Howe*, 13 N. Y. 306; *Jacobs* v. *Morange*, 47 N. Y. 57; *Weed* v. *Weed*, 94 N. Y. 243-247; *N. B. Bank* v. *Hitch*, 23 Civ. Pro. Rep. 10; *Spofford* v. *Janesville*, 13 Wis. 474; *Langdon* v. *Burk*, 34 Wis. 53; *In re Tilden*, 98 N. Y. 442; *Dinsmore* v. *Adams*, 66 N. Y. 618; *Foote* v. *Lathrop*, 41 N. Y. 359.) The plaintiffs are barred by the six and ten years' Statutes of Limitations. The right, if any, given by the order of March 5, 1891, was a legal or equitable one, and an action taken in a court of law or equity would necessarily have to be brought within either six or ten years from the time the right accrued. (Code Civ. Pro. § 779.) The judgment in this action for sale of the property in June, 1887, finally determined the issue on the merits so far as the title of the parties to the premises is concerned. It was the only proceeding provided for by the Revised Statutes at that time in partition matters. (*Jenkins* v. *Wild*, 14 Wend. 539; *Swarthout* v. *Curtis*, 4 N. Y. 415; *Taggert* v. *Hurlburt*, 66 Barb. 553; *Brown* v. *Buckley*, 11 Cush. [Mass.] 168; *Tibbs* v. *Allen*, 27 Ill. 119; *Kilgour* v. *Crawford*, 51 Ill. 249; *Allee* v. *Schwartz*, 17 Wis. 169; *Allen* v. *Hall*, 50 Me. 253; *Yates* v. *People*, 6 Johns. 401; *Quackenbush* v. *Leonard*, 10 Paige, 136.) The court has no power, upon an order to show cause, to bring in a stranger to the record, especially upon the application of parties against whom the action was discontinued in 1879. (*Stanton* v. *King*, 76 N. Y. 585.)

*Henry A. Monfort* for respondents. Respondents' application was addressed to the discretion of the court below, and no appeal, therefore, lies to this court. (Code Civ. Pro. §§ 190, 1337; *Dinsmore* v. *Adams*, 66 N. Y. 618; *Beards* v. *Wheeler*, 76 N. Y. 213; *Goodell* v. *Harrington*, 76 N. Y. 547; *Hatch* v. *Central N. Bank*, 78 N. Y. 487; *Peck* v. *N. Y. & N. J. R. Co.*, 85 N. Y. 246; *In re P. F. Club*, 151 N. Y. 511.) The orders of August 16, 1877, and of March 5, 1881, vacating the interlocutory judgment and allowing a discontinuance upon the payment of costs, remain in full force

and effect and cannot be assailed on this appeal. (*Furman v. Furman*, 12 Hun, 441.) If the present order be considered as an original order, vacating the judgment, it must be regarded as having been made to relieve the moving parties from the fraud and deceit practiced upon them, and the limitations imposed by the Code of Civil Procedure upon motions to vacate judgments for irregularities or errors in fact have, therefore, no application. (*Dinsmore* v. *Adams*, 66 N. Y. 618; *In re Tilden*, 98 N. Y. 444; *Todd* v. *Stevenson*, 112 N. Y. 325; *Goodell* v. *Harrington*, 76 N. Y. 547; *Hatch* v. *Central N. Bank*, 78 N. Y. 487; *Cookes* v. *Maxwell*, 6 Blatchf. 468; *Deane* v. *O'Brien*, 13 Abb. Pr. 11; *Beards* v. *Wheeler*, 76 N. Y. 213.)

ANDREWS, Ch. J. The order of the Special Term entered April 30th, 1896, from the affirmance of which this appeal is taken, vacated an interlocutory judgment entered in this action June 27th, 1877, for the partition of real property situated in Queens county, and discontinuing the action. The order was made upon motion in behalf of certain devisees of Garrit Furman, who died June 6th, 1848, and who by his will devised a life estate in the premises to his son William H. Furman, with remainder in fee to the issue of the son living at his death, and the lawful issue of such issue as might have died prior to that time. The land devised consisted of a farm of one hundred and nine acres. The partition action was brought by one of the five children of William H. Furman, the devisee for life, to whom prior to its commencement the latter had conveyed an undivided one-fifth part of his life estate, and taken back a mortgage thereon from the grantee, his son, of $40,000, the nominal amount of the purchase money. William H. Furman, the devisee for life, and his living children other than the plaintiff, were made defendants in the action, as was also Minnie Waldron Furman, alleged in the complaint to be the only child of Victor, a deceased son of said William. William H. Furman had five children, and each child, if living at his death, would be entitled

under the will to one-fifth of the estate in fee. The com-
plaint alleged the interests of the several defendants, and that
by the death of Victor the defendant Minnie Waldron Fur-
man was entitled in remainder to his one-fifth interest. The
interlocutory judgment adjudged the interests as set forth in
the complaint and that an actual partition of the premises
could not be made without great prejudice, etc., and the judg-
ment directed that they be sold at public auction and that the
mortgage of $40,000 be paid to the defendant William H.
Furman out of the proceeds of the share of the plaintiff. The
referee appointed to make the sale advertised the sale to be
made August 1st, 1877. Intermediate the entry of the judg-
ment and the day appointed for the sale, the parties inter-
ested, other than William H. Furman and Minnie W. Fur-
man, upon affidavits charging that the action was brought at
the solicitation of the life tenant, William H. Furman, and
upon fraudulent representations made by him to the plaintiff
as to the purpose of the mortgage of $40,000, and other fraud-
ulent representations to induce his children to consent to the
partition, and that it was conducted by the father's attorney,
made an application to the court on motion for an order vacat-
ing the judgment and discontinuing the action. The affidavit
of one of the moving parties alleged upon information and
belief that the defendant Minnie W. Furman was not the law-
ful issue of Victor, the deceased son of William H. Furman.
The motion was brought on on notice to the proper parties
and resulted in an order made August 13th, 1877, appointing
a referee to determine the costs to which the respective parties
were entitled, and directing that upon payment thereof " the
judgment herein be set aside and vacated and this action
discontinued."

Philip S. Crooke, the guardian *ad litem* of Minnie W.
Furman, appealed from the order and it was affirmed Novem-
ber 30th, 1877. The parties in interest, other than William
H. Furman and Minnie W. Furman, afterwards consented to
the vacation of the judgment and the discontinuance of the
action, and an order to that effect as to the consenting parties

was entered May 1st, 1879. The referee, appointed by the order of August 13th, 1877, declined to determine the amount of costs to which the guardian *ad litem* was entitled, and it finally resulted in an order, dated March 5th, 1881, made by the court, on notice to the attorney and guardian *ad litem* of the infant, taxing his costs at $95, and directing that " upon the payment of the same the judgment entered up in said action be vacated and set aside and said action be discontinued." No order vacating the judgment and discontinuing the action, in pursuance of the order of March 5th, 1881, was ever entered. There is no record evidence that the costs fixed by that order were paid. Philip S. Crooke, the guardian *ad litem*, died soon after the order was made. It appears that before that time the plaintiffs' attorney sought to adjust with him the amount of costs, and was ready to pay the amount which should be fixed upon. No proceeding in the action, so far as appears, was taken from the time of the entry of the order of March 5th, 1881, until this motion was made in 1896, a period of fifteen years. But, in 1894, Minnie W. Furman (now Minnie W. Braun) commenced an action to partition the same premises, claiming a one-fifth interest therein as the sole child of Victor Furman. The facts are numerous and complicated, but those stated are sufficient to present the questions on this appeal. We think the order appealed from should be affirmed.

1. The court had jurisdiction to make the order of August 13, 1877, and the subsequent order of March 5, 1881. The power of the court to control its judgments and to set aside a judgment for fraud or deceit practiced by a party is undoubted, and is not subject to the limitation of time prescribed in sections 724, 1282 and 1290 of the Code of Civil Procedure. Cases of fraud are not within these sections.

2. The court having jurisdiction to set aside in its discretion the judgment for the fraud of the father, William H. Furman, in inducing plaintiff to bring the action, and his other children to consent to the partition, the defendant Minnie W. Braun has no right to complain because the vacation of the

judgment may deprive her of the benefit of the adjudication therein as to her legitimacy. This is the necessary result of granting the relief to which the other parties were adjudged to be entitled. The defendant Minnie has no vested right to have the judgment stand as to her. Her right as the child of Victor to take his interest in the land is not affected by the vacation of the judgment. If she is his lawful child she is still entitled to it and is not precluded by the vacation of the judgment from asserting it, as in fact she has done in the suit brought by her for partition in 1894 and now pending. She loses by the vacation of the judgment an adjudication in her favor on the question of legitimacy, but that is an incident to the exercise by the court of its power to vacate the judgment for the fraud of William H. Furman. The whole judgment falls, although she was not a party to the fraud.

3. The General Term found that there was an inference from the circumstances, the long silence, the commencement of the partition suit by Mrs. Braun in 1894, and other circumstances, that the costs fixed by the order of March 5, 1881, had been paid. The attorneys and the guardian *ad litem*, connected with the litigation have died, and the fact of payment is rendered difficult of direct proof. We think this finding of the General Term cannot be disturbed on this appeal. Moreover, as a precaution, the costs were tendered to the executor of the guardian *ad litem* before the making of the present motion, and this, we think, was sufficient to justify the granting of the order. The motion is supplementary to the motion upon which the order of March 5, 1881, was founded, and is made in substance to establish that the condition in that order had been complied with.

4. The rights of Mr. Towns, whatever they may be, are not prejudiced by the order in question.

We think the court had jurisdiction to grant the order on motion and that the decision of the General Term affirming it should be affirmed.

All concur, except GRAY, J., absent.

Order affirmed.