WELSBACH COMMERCIAL CO. v. POPPER.

(City Court of New York, General Term. July 18, 1899.)

1. EVIDENCE—SUBSTITUTION OF ATTORNEYS.
    What one who had been an attorney in a case wrote to another, who had been substituted, in regard to matters relating thereto, and occurring before the substitution, without the writing being offered in evidence or authenticated, is hearsay, and incompetent.

2. SERVICE OF PLEADINGS—COPIES.
    A party to an action has a right to believe and rely that a paper or pleading served on him is a copy of the original, where it so purports to be.

3. VERIFICATION OF PLEADINGS—NECESSITY.
    Where a defendant fails to serve a verified answer to a verified complaint, plaintiff may, by informing defendant of his intention so to do, treat it as a nullity, under Code Civ. Proc. § 528.

4. SAME—VACATING JUDGMENT.
    Where an original answer was never verified, but a copy thereof, purporting to be verified, was served on plaintiff, and the fact that the original amended answer was not verified was unknown to plaintiff until after an expensive trial and entry of judgment, when the original amended answer was missed from the judgment roll, the judgment should be vacated, and defendant should not be allowed to amend his amended answer by adding thereto the verification contained on the original answer.

Appeal from special term.

Action by Welsbach Commercial Company against Emil Popper. From an order denying a motion to vacate the judgment, plaintiff appealed. Reversed.

Argued before McCARTHY, CONLAN, and O'DWYER, JJ.

W. R. Barricklo, for appellant.
Epstein Bros., for respondent.

McCARTHY, J. This is an appeal from an order denying a motion to vacate a judgment, and allowing an amendment of said judgment roll. It is conceded that one has a right to an amendment of a mistake or such like, but not to a substantial and fatal error. Where

it appears, as in this case, that neither the original nor a copy of the answer is or has been in the possession of the defendant's present attorneys, and there is no evidence of the same having been in possession of defendant's former attorney at any time, and the same state of facts is clear and certain in regard to the amended answer, this requires us to give more than ordinary attention and examination. What the former attorney wrote to the present attorney, without the same being offered in evidence or authenticated, is the worst kind of hearsay, and cannot be noticed. The present attorneys do not and could not know whether either the original answer or the original amended answer was verified, since they were not substituted until 1898, two years after the service of the supposed copy papers, and they say the originals are not now in their possession. The copy served purported to be verified, and it was duly discovered as unverified when the judgment roll was entered herein in 1898, two years later. It was discovered that the amended answer, although indorsed "Original Amended Answer," had a blank verification, which is dated July 10, 1896, and refers positively (in words) "to the foregoing answer," while the answer served on plaintiff's attorney purports to be verified August 17, 1896. Otto Wise, who was the former attorney, was attorney during all this time. We have his application, made and sworn to on July 20, 1896, asking for an extension of time to answer, in which he says that he had not, as yet (July 20th), prepared or served any answer. The difficulty with the present attorneys for respondent is that they assume too much. They do not know and could not know what occurred two years prior to their coming into the case, unless on the papers as handed to them or on hearsay. There is no affidavit of the former attorney, who had the preparation and the supervision of the pleadings, or as to their service. Nor is there an affidavit of the defendant herein explaining or showing in any way how the mistake or error took place. Inference in a matter so serious as this will not be accepted, but the facts must appear. Plaintiff or his attorney had a right to believe and rely that a paper served on either of them was a copy of the original, and this they could not discover as untrue until the entry of the judgment roll, as in this case. If defendant had served an unverified answer, when he was required by the Code of Civil Procedure to serve a verified answer, the plaintiff or his attorney could and should have moved. Klenert v. Iba, 17 Misc. Rep. 69, 39 N. Y. Supp. 836. There is no affidavit that the original of either the answer or amended answer was ever verified; no affidavit of the notary public who took the verification, nor of the defendant or his former attorney, Otto Wise, to any of these important facts. If we are to stand on inferences, it is clear that no excuse is presented showing there was either a mistake or clerical error. The only inference to be drawn is that the pleadings are in the same condition as originally, and are so by reason of the willful intent to perpetrate a fraud on this court. Such should not be permitted. Furman v. Furman, 153 N. Y. 309, 47 N. E. 577. The present attorneys could not, and I know would not, make regular and legal that which, before they came into the case, was and is illegal.

The order appealed from should be reversed, with costs and dis-
bursements, and the motion to set aside and vacate the final judg-
ment entered should have been, and is hereby, granted, with $10
costs; defendant to be left to his other remedies hereafter, whatever
they may be.    All concur.