FELIX v. JOSEPHTHAL et al.

(Supreme Court, Appellate Term. April 17, 1912.)

1. PLEADING (§ 337*)—ANSWER—SERVICE OF COPY.

A plaintiff may rely on the correctness of the copy of an answer served upon him for the purposes of a motion in relation thereto.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1025; Dec. Dig. § 337.*]

2. JUDGMENT (§ 119*)—DEFAULT—RIGHT TO ENTER.

Where a summons and complaint were served, and on the afternoon of the sixth day thereafter the defendants served an unverified answer,

which was returned within 24 hours, the plaintiff could legally enter judgment for want of an answer on the day following service of the unverified answer.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 208, 209, 211–220; Dec. Dig. § 119.*]

3. JUDGMENT (§ 167*)—DEFAULT—OPENING.

The court may, in its discretion, open a default which has been legally taken, and permit the defendant to answer on just and proper terms.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 326, 330, 333, 334; Dec. Dig. § 167.*]

4. COSTS (§ 57*)—OPENING DEFAULT JUDGMENT.

Where a default judgment legally taken by the plaintiff was set aside, costs were taxable against the defendants, but not against the plaintiff.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 229, 230, 232–246; Dec. Dig. § 57.*]

Appeal from City Court of New York, Special Term.

Action by John Felix against Louis M. Josephthal and others. From an order vacating judgment for plaintiff, plaintiff appeals. Modified and affirmed.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

John J. Lordan, of New York City, for appellant.

Einstein, Townsend & Guiterman, of New York City (G. B. Townsend and S. G. Nissenson, both of New York City, of counsel), for respondents.

GUY, J. The summons and complaint herein were served on January 16th. On the afternoon of January 22d defendants served a copy of an unverified answer, which was returned within 24 hours. The next day, no copy of a verified answer or demurrer having been served in time, the plaintiff entered judgment by default. The motion to vacate the judgment was granted, not as matter of discretion, but on the following ground:

"Sharp practice was attempted in this proceeding, and the result is the biter is bitten. An answer having been served within time, and having been returned for want of a copy of the verification, the plaintiff was bound to wait a reasonable time in order to permit the defendants to correct the defect pointed out, and at least 24 hours for that purpose should be allowed as a reasonable time. Instead of so doing, plaintiff proceeded to enter judgment and issue execution."

[1] It is claimed that the original answer was in fact verified, although it is admitted that the copy served did not purport to be verified. The opposing party has, however, the right to rely on the correctness of the copy served upon him for the purpose of a motion. Klenert v. Iba, 17 Misc. Rep. 69, 39 N. Y. Supp. 836; Guarino v. Fireman's Ins. Co., 44 Misc. Rep. 218, 88 N. Y. Supp. 1044; McCarron v. Cahill, 15 Abb. N. C. 282; Trowbridge v. Didier, 4 Duer, 448; Welsbach Commercial Co. v. Popper (City Ct.) 59 N. Y. Supp. 1016; 31 Cyc. 596. Otherwise a defendant, having a dilatory or unmeritorious defense, could serve a copy of an unverified answer, and thus extend the time to plead, by vacating the judgment entered

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

thereon, under the plea that he was not bound to serve a correct copy, or even alter the original answer by filling in a verification thereon, and dating it under the date when it should have been served.

[2-4] Plaintiff was within his rights in entering judgment by default, and also in having execution issued thereon. The court below, however, had power, in its discretion, to open the default, and to permit defendants to answer on terms that were just and proper. The imposing of costs upon the plaintiff in the granting of the motion was clearly erroneous. Defendants should have been compelled to pay the $10 costs of motion, and all disbursements, including sheriff's fees, incidental to the entry of judgment and the issuing of execution thereunder.

The order must therefore be modified, so as to provide that the motion is granted upon payment by defendants to plaintiff of $10 costs and the sheriff's fees, $164.93, and, as so modified, affirmed, without costs of this appeal to either party. All concur.