## OHIO SUPREME COURT—Continued

ROBINSON J.

1. Subrogation arising from express contract between grantor in a mortgage and a stranger thereto, that such stranger upon the satisfaction of the mortgage by the grantor shall be subrogated to the rights of the grantee therein, will be measured by the law applicable to contracts and must be supported by a consideration.

2. The right of a beneficiary in a contract of insurance which reserves to the insured the right to change the beneficiary from time to time, and which may be defeated by the insured by the designation of another beneficiary, or by nonpayment of dues, does not become vested until the happening of the event which matures the policy.

Judgment reversed.

Marshall, C. J., Wanamaker, Jones, Matthias, Day and Allen, JJ., concur.

---

## SUPREME COURT
### REPORTED CASES
Decided on the Dates Shown in Headings
No. 909
CORNWELL v. STATE
Ohio Supreme Court
No. 17343. Decided Dec. 30, 1922
To Appear in —— Ohio State Reports

129. CRIMINAL LAW.

Disagreement of defendants' counsel in conducting defense, wrangling in the presence of the jury and giving contradictory advice to the client, is ground for new trial.

PER CURIAM.

Epitomized Opinion

Cornwell was convicted of murder in the first degree, without recommendation of mercy, by a jury in Franklin Common Pleas. Conviction was affirmed by the Court of Appeals. Cornwell employed counsel and after the trial was begun the trial judge appointed additional counsel without the suggestion of Cornwell or his counsel.

The record disclosed continuous and serious disagreements in the presence of the court and jury concerning the line of defense to be adopted during the trial. Each of the defendants' counsel accused the other of withholding information and refusing to co-operate. Cornwell, colored, age 76, was inexperienced in the law and unable to decide whose advice to follow. In Granting Cornwell a new trial the Supreme Court held: . . . .

1. Upon the whole record, especially as discussed and illustrated by counsel during the argument of this case in this court, it is apparent that defendant did not have that fair trial and disclosure of all the facts and circumstances surrounding the transaction that the constitutional guarantees contemplate and without further comment the majority of this court have no hesitation in holding that substantial justice has not been done according to due process of law.

Attorneys—John G. Price, John R. King and J. A. Godown, Columbus, for State; Charles R. Doll and Daisy D. Perkins, for Cornwell.

---

No. 910
STATE ex rel LUEDERS v. BEAMAN, Auditor
STATE ex rel PRICE v. LUEDERS, Probate Judge

Ohio Supreme Court
Nos. 17474, 17475. Decided Dec. 20, 1922
To Appear in —— Ohio State Reports

116. FEES AND COSTS.

Compensation of probate judge may not be changed during his term of office

246. MANDAMUS.

Not the remedy to secure payment of unauthorized fees—Nor to recover back fees paid but not authorized.

PER CURIAM.

Epitomized Opinion

One proceeding in mandamus is brought by the State ex rel Wm. H. Lueders, Hamilton County Probate Judge, against E. S. Beaman, the County Auditor, and another by John H. Price, Attorney General, against Judge Lueders, both involving the same questions, and being presented and argued together. In both cases the question presented is whether a probate judge who was in office when the act (100 OL. 531) 5348 GC., took effect, Feb. 9, 1921, giving him increased compensation for services in inheritance tax proceedings, is entitled to receive and retain such fees, or is debarred from receiving such additional compensation under the constitutional inhibition against changing compensation during the term. The Supreme Court held:

1. Constitutional provision, Art. II, Sec. 20, that the compensation of officers shall not be changed during their term of office applies to probate judges, where the constitution does not fix the term or compensation. (101 OS. 490.)

2. A probate judge was not entitled to mandamus to compel a county auditor to pay a fee for services rendered in inheritance tax proceedings, under 5348-10a GC.

3. Mandamus is not the proper remedy to recover fees paid to a probate judge without authority.

Hough, Wanamaker, Robinson, Jones, Matthias and Clark concur in the first holding, and are of the opinion that the writ cannot issue, to authorize the compensation sought by the relator. Wanamaker, Robinson and Clark hold that such compensation