## No. 10,999.

## MANDELL *v.* THE PEOPLE.

Decided December 1, 1924.

Plaintiff in error was convicted of embezzlement.

*Affirmed.*

1. CRIMINAL LAW—*Civil Code.* Section 81, Code '21, providing for relief from judgments in certain cases, has no application to criminal cases.

2. *Coram Nobis—Coram Vobis.* A writ of error coram nobis or coram vobis has never been applied to correct errors of law. The writ is restricted to errors of fact.

3. *Coram Nobis—Coram Vobis.* Writ of error coram nobis or coram vobis, does not supplant, but is in aid of a statutory remedy to correct mistakes or errors of fact.

4. *Inefficient Defense—New Trial.* Inefficient presentation of the defense in a criminal case is a recognized ground for a new trial if appropriate facts exist.

5. *No Defense Presented—Presumption.* In the trial of a criminal case, in the absence of a charge of ignorance or dishonesty of defendant's counsel, it will be presumed he had good reason for submitting the case upon the evidence alone produced by the state, and that his examination of certain evidence not offered, convinced him that it would be detrimental rather than helpful to the accused.

6. ATTORNEY AND CLIENT—*Mistakes of Counsel—Effect.* As a general rule mistakes of counsel are imputed to his client, even in criminal cases.

7. COURTS—*Questions Considered.* Courts do not sit to determine mere abstract propositions of law disconnected from the facts of a particular case.

8. CRIMINAL LAW—*Motion for Relief From Judgment.* If a trial court is wrong in holding that it had no jurisdiction to entertain a motion by defendant in a criminal case for relief from a judgment against him, still if the showing made does not entitle the applicant thereto, the ruling should stand although made for a wrong reason.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. FRANK MCLAUGHLIN, for plaintiff in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. CHARLES ROACH, Deputy, Mr. JOSEPH P. O'CONNELL, Assistant, for the people.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN several different informations in the Denver district court, the first of which was filed August 16, the others September 18, 1923, plaintiff in error, Maurice Mandell, was charged with conspiracy to defraud, and with larceny, embezzlement, abstraction and misapplication of the funds and securities of the Hibernia Bank and Trust Company of Denver. The result of the trial of the consolidated cases, beginning November 5, was a verdict of guilty, on which the court imposed concurrent sentences of from nine to twenty years in the penitentiary, after denying defendant's motion for a new trial, neither the grounds of which nor the time of filing being stated in this record. Sentence was pronounced December 8, 1923, one of the days of the regular September term of court. The next succeeding regular term began January 8, and the following April term began April 8, 1924. On April 9, the second day of the April term, one hundred and twenty-three days after the day of sentence, and after the lapse of the trial term and the full January term, the defendant filed, in the consolidated cases, his motion to vacate and recall this judgment and for a new trial, supporting it by his own affidavit and affidavits of other persons. The trial court, apparently deeming that jurisdiction was lost after the lapse of the September term, denied the motion, to review which judgment is the object of the present writ of error.

The trial court's decision may have been based upon

*Saleen v. People,* 41 Colo. 317, 92 Pac. 731. That was a writ of error to review a judgment of the district court refusing to discharge the defendant after conviction and sentence. It is asserted by the Attorney General that this Court ruled that since two full terms of the district court had elapsed between the time of sentence and the filing of the motion to discharge, the trial court lost jurisdiction and control of the case. The point decided there, and it was the vital and controlling question, was that if a defendant relies upon newly discovered evidence to effect his discharge and applies to the court for such relief after the term has expired when the sentence was pronounced, the court is without jurisdiction. Unquestionably that was, under all authorities, right.

The present motion has a twofold aspect. Authority therefore is claimed under section 81 of the Code of Civil Procedure, and upon the common law remedy of a writ of error coram nobis or coram vobis. Defendant asserts he is entitled to have this relief under either or both remedies, regardless of the lapse of time intervening between sentence and the time of application for the writ, or its equivalent, a motion, since no code provision nor statute of this state inhibits the common law remedy, and the code section likewise is applicable. These propositions in their order.

1. In so far as the motion is based upon section 81 of the Code, it is without merit. That section, upon certain designated grounds, permits in civil actions an application, after the lapse of the term, to set aside or modify a judgment. Defendant's counsel invokes this section because he says that since it provides for the giving of relief from "a" judgment, if application therefor is made within a fixed time after the adjournment of the term, the language applies as well to a judgment in a criminal, as to one in a civil, action. Counsel is in error. The title of the Code of Civil Procedure in which section 81 appears, states that it is a code of procedure in civil actions in courts of record. In *Klink v. People,* 16 Colo. 467, 27 Pac.

1062, where a similar contention was made, we said that this section authorizing the vacation of judgments in certain circumstances after the lapse of the term when they were pronounced, is confined to civil actions and has no application to criminal cases.

2. If, under the facts set up in this motion, the defendant is entitled to any relief, it must be upon the second ground. Apparently the trial court was of the opinion that under the doctrine of the Salem Case, supra, the motion would not lie. In view of the conclusion which we have reached, it is not necessary definitely to decide whether, in view of our code provisions in civil actions, and our statutory procedure in criminal cases, the common law writ, or a motion in the nature thereof, still exists in this state. In *Sanders v. State,* 85 Ind. 318, 44 Amer. Rep. 29, and *State v. Calhoun,* 50 Kan. 523, 32 Pac. 38, 18 L. R. A. 838, 34 Am. St. Rep. 141, in able opinions by distinguished judges, it was held that the writ, or a motion in the nature of such a writ, is not obsolete in the state courts of this country where the common law has been adopted, unless some statute has expressly, or by implication, abolished it. A number of other cases are collected in notes to *Powell v. Gott,* 13 Mo. 458, 53 Am. Dec. 153; *Collins v. State,* 66 Kan. 201, 71 P. 251, 60 L. R. A. 572, 97 Am. St. Rep. 361; *Furman v. Furman,* 153 N. Y. 309, 47 N. E. 577, 60 Am. St. Rep. 629, 633; *Holford v. Alexander,* 12 Ala. 280, 46 Am. Dec. 253; 5 Encyc. Pl. & Prac. p. 26 et seq.; *Fugate v. State,* 85 Miss. 94, 37 So. 554, 107 Am. St. Rep. 268, 3 Ann. Cas. 326, 328.

Assuming, therefore, but not necessarily deciding, that in Colorado there still exists, in a proper case, the remedy of a writ of error coram nobis or coram vobis or a motion, as employed in this case, in substance the same as that writ, we think the showing here is manifestly insufficient. The verified motion itself contains many conclusions rather than statements of issuable facts upon which the applicant relies for relief. Many of the facts inserted, though not well pleaded, are not of the character

that entitle a defendant to relief in this sort of a proceeding. Those upon which reliance is had are here summarized. The defendant is a young man about twenty-five years of age, inexperienced in court affairs and court procedure. From the time of his arrest upon the charges he was continuously confined in the county jail until this application for relief was made. Soon after his arrest he employed an attorney to represent him at the trial. This attorney selected as aides two additional counsel, all three of whom were present throughout the trial. Although he employed and retained only the one, he did not object to the services of the other two. At the close of the evidence for the People, on a Saturday afternoon, an adjournment of the court was had until the following Monday. A large sum of money had been advanced by the defendant to his counsel with which to secure witnesses and to prepare generally for the trial and especially to employ an expert accountant to examine, and he did examine, but not thoroughly, the books of the bank bearing upon his account with that institution, with a view to secure testimony to show that he, the defendant, was not guilty of any of the felonies with which he was charged; that he is wholly innocent of the charges; that his counsel had assured him that with the evidence then available he would be acquitted. The defendant supposed that he would be called as a witness on the day to which the trial was continued, but he says, or understands, that because of some disagreement between his counsel as to the manner of conducting the defense, the nature of which is not disclosed and of which he was ignorant at the time, the conclusion was reached by them not to introduce any evidence for the defense and to submit the case upon the evidence produced by the state alone, to which he would not have consented had he been consulted at the time, and that, in the event of a new trial, he will insist upon testifying and introducing other evidence. The motion then proceeds to state that having employed other counsel, after the trial, by subsequent investigation, which he was not

able to make before the close of the trial, he has discovered some evidence, and hopes to find still more which, if produced at another trial, together with that theretofore assembled, will establish his innocence of all the charges contained in the information. We shall not further specify the nature of this alleged newly discovered evidence for, as we shall presently see, it is wholly immaterial and in no sense a ground for relief in a proceeding of this sort. The motion avers that the defendant was in no wise negligent in not discovering this evidence, that it was in no sense cumulative but would all be new evidence in the event of a new trial. The motion further alleges that the act of his counsel in abandoning his defense was a surprise to the defendant, that the defendant has been informed since the trial, but by whom it is not stated, and believes the jury brought in this verdict wholly because no defense was made by his counsel and no testimony offered to explain or offset the evidence introduced by the state, and that the foreman of the jury wrote a letter to the presiding judge asking clemency for the defendant; that defendant did not know at the time of the trial that the failure of his counsel to make a defense for him was due to some disagreement or misunderstanding between themselves as to the method of handling his defense. The motion also states that soon after his arrest and during his absence from his office the district attorney entered the same and abstracted and removed therefrom books, documents and records and thereby he was deprived of the evidence that they contained, which would have aided him in his defense. What these books, documents and records contained is not stated. Defendant knew of their abstraction at the time of the trial but the motion is silent as to whether he made any effort to recover them, or to get their contents before the jury. We know nothing of the facts and are advised only of the defendant's conclusion that they would have been of benefit to him at the trial. Probably it is true that many of these wholly immaterial averments in the motion were inserted upon the unfounded supposition of defend-

ant's counsel here that he would be able under section 81 of the Code to establish thereby the surprise, inadvertence, mistake and excusable neglect which the motion pleads as sufficient to entitle him to a vacation of the judgment. Since we have already held that section 81 is not applicable, it necessarily follows that allegations in the motion which might be appropriate only under the Code section, must be disregarded here. What defendant apparently relies upon as showing good ground for his motion seems to consist largely, if not altogether, of surprise at the verdict and the alleged abandonment of his defense by his counsel, and their failure to put him and other witnesses on the stand to testify in his behalf. No charge is made of unprofessional conduct or inefficiency of his counsel. If we have omitted from the foregoing summary, as we have, the allegations of other facts, they are under no possible theory of the case important or material on this review.

The writ of error coram nobis or coram vobis has never been employed to correct errors of law. It is restricted to errors of fact only. It did not, and does not, lie to enable defendant to question the merits of the case or to enable him to avail himself of evidence discovered after the trial. In *Asbell v. State,* 62 Kan. 209, 213, 61 Pac. 690, is the following language: "The function of the common-law writ is to bring to the attention of the court for correction an error of fact—one not appearing on the face of the record, unknown to the court or party affected, and which, if known in season, would have prevented the judgment which is challenged. The death of a party pending the suit and before judgment; infancy, where the party was not properly represented by guardian; coverture, where the common-law disability still exists; insanity at the time of the trial, and a plea of guilty, where a person claiming innocence is compelled, by fear of a mob, to enter it, are instances where the writ has been employed."

In *Dobbs v. State,* 63 Kan. 321, 324, 65 Pac. 658, the court says: "The office of the writ of coram nobis is to

bring to the attention of the trial court, and to obtain relief from, errors of fact from which the error in the first judgment would appear.  This writ cannot be used to obtain a review of the facts presented to the court at the trial, or which might have been so presented at that trial by the exercise of diligence.  The facts alleged in this application were all either known to plaintiffs in error before the trial commenced or became known to them during the trial, or could, by the exercise of reasonable diligence, have been so known.  They could, therefore, have been presented to the court during the trial, or upon a motion for a new trial."

Assuming, as we have, that this motion is available as a remedy in our state, it does not supplant, but is in aid of, the statutory remedy to correct mistakes or errors of fact.  At common law in felony cases, a motion for new trial would not lie.  If an error of law had been committed by the trial court the remedy was by an application, signed by all of the judges, to the king for a pardon, which was granted generally as a matter of course.  If a mistake of fact had been committed by the trial court, the remedy was by writ of error coram nobis or coram vobis. *Sanders v. State, supra.*  Under our statute if the defendant's defense was not made to his satisfaction he certainly must have been aware of it at the time, and could have availed himself thereof in a motion for a new trial.  If newly discovered evidence, material to his defense, has been obtained after the trial and a reasonable excuse given for not discovering it sooner, this was a ground for relief by a motion for a new trial.  Inefficient presentation of the defense in a criminal case, even if occasioned by disagreement of counsel, is a recognized ground for a new trial, if the appropriate facts exist.  This might have been included in the defendant's motion for new trial, which was overruled.  *Cornwell v. State,* 106 Ohio St. 626, 140 N. E. 363; 16 C. J. p. 1145, § 2642.

For aught that appears to the contrary, the defendant knew, or by the exercise of reasonable diligence might

have known, before the close of the trial or within the period allowed for a new trial, of the disagreement among his counsel and of the various other facts set forth in his present motion.  It is not made clearly to appear therefrom that this disagreement of counsel concerned, or was related to, their action in not putting defendant and other witnesses upon the stand.  As no charge of ignorance or dishonesty of his counsel is made we must presume, and the law presumes, that they had good reason for submitting the case upon the evidence alone produced by the state.  The presumption also is that their examination of the records of the bank convinced them that what there appeared would not tend to establish defendant's innocence but rather that it was detrimental, instead of being helpful, to him. As a general rule mistakes of counsel are imputed to his client even in criminal cases.  Doubtless there are some exceptions to this rule, but this is not one of them.  There may be extreme cases where the ignorance or dishonesty of counsel is so palpable that relief may be awarded in a motion of this nature but it cannot be given here.  The later Kansas cases referred to, which are quite like this in many particulars, are conclusive against the right of the defendant to the relief demanded.  The Calhoun Case, supra, was an extreme case where the accused was forced through fear of mob violence to plead guilty to a criminal charge and to be sentenced to imprisonment in the penitentiary for a long term of years.  The Kansas court held that he was entitled to relief from this sentence and plea in a motion in the nature of a writ of error coram nobis.  In the Sanders Case, supra, the accused was likewise forced through fear of mob violence to enter a plea of guilty and he was given relief upon a motion filed after he had served for several years in the penitentiary.  *Moore v. Dempsey,* 261 U. S. 86, 43 Sup. Ct. 265, 67 L. Ed. 543, is much like these two cases.  Habeas corpus was there held to be an appropriate remedy in the federal district court to set aside and relieve an accused from the verdict and sentence of a state court where he was hurried to

conviction under mob domination without regard to his constitutional rights. The court held that such a trial so conducted is without due process of law and absolutely void and that it was the duty of the district court to inquire upon habeas corpus whether the allegations of fact of mob domination are true and whether they can be explained so far as to leave the state proceedings undisturbed. Neither of these three leading cases is applicable here. Each of them is clearly distinguishable in its facts and in principle from the case in hand for the reasons which we have already stated.

Defendant, however, says the object of this motion is not to obtain a review of the judgment of the court below and an order to vacate and set aside the verdict of guilty, but the object is "to determine the jurisdiction of a court of record in Colorado to entertain a motion for a writ of error coram nobis or coram vobis in a proper case". We suppose counsel means the former is one, but the latter is the chief, object. Courts do not sit to determine mere abstract propositions of law disconnected from the facts of the particular case. Even if we should hold that such remedy exists in Colorado, and upon a proper showing it would avail the defendant nothing unless his application or motion for relief states facts which bring the case within its scope. If the trial court was wrong in holding that it had no jurisdiction, after the lapse of the term when sentence was pronounced, to afford the relief demanded, still if the showing made by the motion does not entitle the applicant thereto, the decision of the trial court overruling the motion, though it may have been made for a wrong reason, nevertheless, should stand. It would be a dangerous practice to give such relief to a defendant where the facts are as they are alleged to be in this motion. There would be no end to litigation if a defendant could succeed in such an application. In *People, ex rel. King v. District Court*, 76 Colo. 169, 229 Pac. 1113, an original application in this Court for a writ of certiorari or prohibition, we held that the district court had juris-

diction in a proper case and upon a proper showing to entertain a motion of a judgment debtor to set aside the judgment rendered against him, though application therefor was made after the lapse of the term at which it was pronounced. We did not in that case say that the showing there was sufficient but upon the authority of a decision of our Court of Appeals therein cited and of *Ladd v. Stevenson,* 112 N. Y. 325, 19 N. E. 842, we said that the court had inherent power to grant relief. It is true that the Supreme Court of Kansas, in *Collins v. State, supra,* held that a writ of error coram nobis cannot be employed to obtain relief from the misfortune of being unable to prosecute an appeal for the correction of errors of law, and extended that doctrine to a case where the complaining party was unable to make up a record embodying his exceptions within the time allowed by statute, or rule of court. We think the Kansas case is distinguishable from the King case for the reasons stated in our opinion, and also that the latter decision is in harmony with and tends to support our conclusion in the present case.

The judgment below was right and is, therefore, affirmed.

MR. CHIEF JUSTICE TELLER not participating.