No. 15,517.

HAILEY *v.* THE PEOPLE
(155 P. [2d] 993)

Decided February 5, 1945.

Mr. BERNARD E. MADDEN, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-

RENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, Assistant for the people.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was informed against for murder, perpetrated in the commission of arson. On August 28, 1940 he entered his plea of guilty of murder in the second degree and was sentenced to the penitentiary. June 23, 1943 he filed a verified petition for a writ of error coram nobis alleging, inter alia, that the information was ambiguous and, to him, incomprehensible; that he was not advised of his rights; that he had not the benefit of counsel; and that he was frightened into entering his plea by fear of mob violence suggested by officers of the law. His petition was heard and the writ denied. To review that ruling he brings error based upon five assignments. Three of these assert, in substance, that he established the foregoing allegations and that hence the ruling was contrary to the evidence. In addition thereto he assigns an extrajudicial confession which he says was involuntary, and asserts that on hearing herein the court improperly admitted evidence of other arsons.

■■ It is doubtful if the remedy sought by defendant still exists in this jurisdiction. *Mandell v. People,* 76 Colo. 296, 231 Pac. 199; *Grandbouche v. People,* 104 Colo. 175, 186, 89 P. (2d) 577; *Medberry v. People,* 107 Colo. 15, 21, 108 P. (2d) 243. However, since the attorney general is herein content to assume it we pass the point. So assuming it is clearly impotent to raise other than questions of fact. *Mandell v. People, supra.* The facts relied upon must be such as do not appear on the face of the record, failure to disclose which was attributable to no fault of petitioner, and which would, if known, have forstalled the judgment. It must further

appear that petitioner has a valid defense. The granting of the writ rests in the sound discretion of the court. *Medberry v. People, supra.*

Defendant was given every opportunity for a full hearing below, and that before the same judge who had taken his plea and pronounced sentence. He, himself, and practically all persons participating in the original proceedings involved, testified. The burden, of course, rested upon him to show cause for the issuance of the writ. No good purpose could be served by here abstracting the evidence. It is sufficient to say, that the most diligent search fails to disclose any support for the material allegations of the petition save the uncorroborated assertions of the defendant, and these are often equivocal or contradictory. The evidence is overwhelmingly against him, and on the vital question of no advice of counsel the record established that he declined such services.

The foregoing is a complete answer to all the assignments save that of the improper admission of evidence of other arsons.

█ █ While defendant was in jail in Colorado Springs he was interrogated by several officers. Eventually his statement was taken in the form of questions propounded by the district attorney, answered by him, transcribed and signed and sworn to. He also initialed each page and wrote in, by pen, several corrections in the original. On the hearing on his petition one Bruce of the Colorado Springs police department, refreshing his recollection from notes taken at the time defendant was being interrogated in that city, testified to his admissions of having set numerous fires, from the time he was seven years old up until six weeks before the fire in question. All this was objected to by defendant's counsel. The objections were overruled and error is assigned thereon. It must be borne in mind that this was not evidence taken on a trial. Defendant was asserting his innocence of the charge on which he had been sentenced

almost three years before, and maintaining that he had a valid defense. He was appealing to the discretion of the judge to grant him an extraordinary remedy. His showing rested solely upon his own statements, contradicted in the main by all the other witnesses, and in one vital particular refuted by the record. His veracity was thus seriously called in question and unless some credence could be given him he had no standing. Any reasonable evidence bearing upon his probable guilt or innocence was proper and the presumption should be indulged that the judge gave this, and all other evidence, such consideration only as it merited and such weight only as was legally justified. But another and conclusive answer to this assignment is that defendant's counsel himself opened the door. He asked defendant, on direct examination, "Had you started fires—other fires?" The answer was, "No, I hadn't." Further comment is superfluous. The point is not supported.

The judgment is affirmed.

Mr. Chief Justice Bakke and Mr. Justice Stone concur.